# CARDOZO LAW

BENJAMIN N. CARDOZO SCHOOL OF LAW • YESHIVA UNIVERSITY

## CIVIL RIGHTS CLINIC

**Betsy Ginsberg**
*Director*
*Clinical Professor of Law*

(212) 790-0470
Fax  (212) 790-0256
betsy.gingsberg@yu.edu

November 25, 2019

Magistrate Judge Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Scott et al. v. Quay et al.,* 19-cv-01075-MKB-SMG

Dear Judge Gold:

    Together with Emery Celli Brinckerhoff & Abady LLP and Alexander A. Reinert, we represent the Plaintiffs in this putative class action. We write to oppose Defendants' November 21, 2019 request for a stay of discovery on Plaintiffs' claims under the Federal Torts Claims Act ("FTCA").[1] This Court should deny this request because Plaintiffs have presented a straightforward negligence claim under the FTCA, and commencing discovery on this claim would pose no undue burden for Defendants.

    This putative class action seeks redress for harms caused by the failures of officials at the Metropolitan Detention Center ("MDC") to adequately maintain the jail's infrastructure and the safety and security of the facility from January 27, 2019 to February 3, 2019 ("the Blackout"). Compl., ECF No. 1. These failures resulted in more than 1,600 people living in dark, freezing, and unsafe conditions. At a status conference on September 13, 2019, the Court decided that Defendants need not respond to Plaintiffs' discovery requests until after Plaintiffs filed their Amended Complaint and after a discovery schedule was set at the conference now scheduled for November 26, 2019. Min. Entry, ECF No. 26. This temporary stay was granted based on Defendants' anticipated motion to dismiss Plaintiffs' *Bivens* claims, and was intended to be revisited once Plaintiffs amended the complaint to add an FTCA claim. Conf. Tr. 20-22, ECF No. 27.[2] Plaintiffs' Amended Complaint now includes a claim of negligence under the FTCA. Am. Compl., ECF No. 29.

---

[1] In their letter, Defendants also requested a 45-day extension to file their motion to dismiss, currently due on December 16, 2019. Plaintiffs do not oppose the request for an extension, but note that it appears that this request should be addressed to Judge Brodie, who originally ordered the briefing schedule. Order, Sept. 9, 2019.

[2] Plaintiffs' maintain that a stay of discovery limited to *Bivens* claims is inappropriate because Defendants have not shown that Plaintiffs' *Bivens* claims are without merit. These claims do not extend *Bivens* and even if they did, Defendants cannot show that special factors counsel hesitation against recognizing such a remedy here. Pls.' Opp'n Mot. Adjourn Conf. 3, Sept. 9, 2019, ECF No. 23. Nor is Defendants' anticipated assertion of qualified immunity a ground for a stay, as facts supporting this defense do not appear on the face of the Amended Complaint. Pls.' Opp'n to Def.'s Req. for a Pre-Mot. Conf. 2, Jul. 31, 2019, ECF No. 18.

Discovery should begin on Plaintiffs' FTCA claim, a claim that this Court described as seeming "perfectly viable." Conf. Tr. 22 (noting to Defendants "you're going to have a rabbit under your hat to convince me that the Rule 12 motion against the FTCA claims is so strong that I ought to stay discovery while it's litigated"). The "mere filing of a motion to dismiss" is not automatic grounds for a stay of discovery; rather, Defendants need to make a strong showing that Plaintiffs' claim has no merit. *See Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 78 (E.D.N.Y. 2006). Defendants' can make no such showing here. Plaintiffs' claim does not fall under the FTCA's discretionary function exception. Nor should a stay be granted based on unnamed "other potential bases," for dismissal. Defs' Letter at 2, ECF No. 35. Defendants' alternative request, to stay discovery until the filing of their motion to dismiss on January 30, 2020, should similarly be denied because Defendants have known for months that Plaintiffs intended to files a negligence claim under the FTCA, and this claim is based on facts that were already contained in the original Complaint.

The failure to address longstanding infrastructural problems, or take necessary steps to ameliorate the harm in the face of a humanitarian crisis, is not subject to the discretionary function exception of the FTCA. *See* 28 U.S.C.A. § 2680(a). The Second Circuit has held that even where certain duties are left to discretion, breach of those duties gives rise to an actionable negligence claim under the FCTA, unless the breach was based on a public policy judgment. *Coulthurst v. United States*, 214 F.3d 106, 111 (2d Cir. 2000); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 476 (2d Cir. 2006) (reversing dismissal under the discretionary function exception where complaint could be read to advance theory that harm was caused by failure of officers to respond properly to emergency). The BOP has a clear duty to "provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise." 18 USC § 4042(a)(2). Negligent failure to fulfill this responsibility to maintain a safe environment is not within the discretion of a federal agency. *See Whisnant v. United States*, 400 F.3d 1177, 1185 (9th Cir. 2005) (holding that when employees abdicate their responsibility to maintain safe and healthy premises, "the discretionary function exception cannot shield the government from FTCA liability for its negligent conduct."); *Andrulonis v. United States*, 952 F.2d 652 (2d Cir. 1991) (federal officials' failure to warn about potential dangers from laboratory experiment fell outside discretionary function exception because the decision to do so could not have been based on policy).

It is impossible for Plaintiffs to respond to Defendants' argument that the negligence claim is subject to "other potential bases" for dismissal. But the negligence claim is neither "conclusory" nor "far from clear." Defs' Letter at 2. In New York,[3] the duty owed by prison officials to those in their care is well established. *Sanchez v. State of New York*, 99 N.Y.2d 247, 252 (2002). Plaintiffs have alleged that Defendants breached that duty by failing to address known crumbling infrastructure, and prior power failures and heating problems. Am. Compl. ¶¶ 23-30, 32, 41-44, 49-50, 301-304, 320-322, 373. Defendants' negligence continued when, during the Blackout, they did not activate an adequate emergency plan, take steps to remedy the situation or provide people with supplies in the interim to mitigate the harm. *Id*. ¶¶ 56, 308-310, 313. The Amended Complaint details the many injuries suffered by Plaintiffs and the putative class as a result of this breach,

---

[3] The FTCA imposes liability "in accordance with the law of the place where the act or omission occurred." 28 U.S.C.A. § 1346(b)(1).

2

including suffering in cold, dark isolation with limited access to medical care, hot food and water, and with little to no communication with family or counsel. *Id*. ¶¶ 51, 279, 281, 291, 293, 296, 372, 375, 380. Defendants simply cannot make the strong showing that this negligence claim is wholly without merit necessary for imposing a stay of discovery on the FTCA claims.

Additionally, the Court should deny Defendants' alternative request to stay discovery on Plaintiffs' FTCA claim until January 30, 2020 because Defendants have had ample opportunity to prepare for and consider this claim. Defendants have known of the Plaintiffs' intention to add an FTCA claim to the Amended Complaint since July. Pls' Opp'n to Def.'s Req. for a Pre-Mot. Conf. at 2. Furthermore, while the Amended Complaint added new named Plaintiffs and some additional facts based on subsequent reporting about the Blackout, it still exclusively concerns the Defendants' failures relating to the Blackout. Because Defendants had adequate notice of Plaintiffs' intentions, commencing discovery on the FTCA claim poses no undue burden.

Defendants' claim that they require more time because the Amended Complaint includes a single new defendant, Facilities Manager John Maffeo, is also not well-founded. Defendants' counsel has known that, other than Warden Quay, Mr. Maffeo is the central person with responsibility for these events since the week after the Blackout.[4] Moreover, Mr. Maffeo is a Defendant only with respect to Plaintiffs' *Bivens* claims, discovery on which is already stayed; he is not an FTCA Defendant. Thus, this addition to the Amended Claim does not counsel for a stay of FTCA discovery.

Defendants seek to delay discovery for the many months it will take to decide a motion that will not even be fully briefed for another four months. Such a stay would harm the rights of the putative class and named plaintiffs to have their case proceed in a timely and efficient manner. This delay is particularly problematic where the putative class is transient, with members released home or to BOP facilities around the country. Furthermore, Defendants would not be unduly burdened by discovery proceeding, as they have likely already produced much of the written discovery in response to internal and external investigations of the Blackout, and because the contemplated schedule would proceed in stages. At the September 13 Conference, this Court advised Defendants that a week or two after the filing of the Amended Complaint, they "should be ready to respond to [Plaintiffs'] demands in the normal…period … [a]nd not tell me Judge, we just got sued, we didn't know this was coming. We have to first talk to our client and gather the documents the way most defendants come in here and look like they were served yesterday." Conf. Tr. at 22.

---

[4] At that time, in a related case, Defendants' current counsel Mr. Eichenholtz opposed the Federal Defenders' motion for a preliminary injunction by submitting a detailed, five-page declaration from Mr. Maffeo about his role in the events leading up to and during the Blackout. *See Federal Defenders of New York, Inc. v. Federal Bureau of Prisons*, 19 Civ. 00660 (Maffeo Decl., February 15, 2019, ECF No. 22-1). That Defendants' counsel provided Mr. Maffeo's account of these events almost nine months ago in another proceeding in this Court precisely because he bears significant responsibility for these events belies their surprise.

3

      For the foregoing reasons, Defendants' request to stay discovery should be denied, and this Court should order discovery pursuant to the parties' Joint Status Letter.[5]

                                                  Respectfully submitted,

                                                  /s/
                                            Betsy Ginsberg

                                            Alex Hunter
                                            *Legal Intern*

                                            Gabriella Javaheri
                                            *Legal Intern*

cc:    All counsel of record

---

[5] The parties seek a deadline for Rule 26(a) disclosures of December 3, 2019; a deadline for initial requests for production of documents and requests for interrogatories of December 6, 2019; and a conference for mid-February to set a schedule for further discovery. Joint Status Letter 2, Nov. 20, 2019, ECF No. 34.