# CARDOZO LAW
BENJAMIN N. CARDOZO SCHOOL OF LAW • YESHIVA UNIVERSITY

## CIVIL RIGHTS CLINIC

**Betsy Ginsberg**
*Director*
*Clinical Professor of Law*

(212) 790-0470
Fax  (212) 790-0256
betsy.gingsberg@yu.edu

December 10, 2019

Magistrate Judge Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re:    *Scott et al. v. Quay et al.,* 19-cv-01075-MKB-SMG

Dear Judge Gold:

    Together with Emery Celli Brinckerhoff & Abady LLP and Alexander A. Reinert, we represent the Plaintiffs in this putative class action ("*Scott*") seeking redress for harms caused by the failures of officials at the Metropolitan Detention Center ("MDC") to adequately maintain the jail's infrastructure and the safety and security of the facility from January 27, 2019 to February 3, 2019 ("the Blackout"). Pursuant to the Court's Order dated November 26, 2019, we write to update the Court regarding additional pending cases that may be related to this case. Min. Entry, ECF No. 41.

    On July 26, 2019, Plaintiffs wrote to the Clerk of Court to request that six *pro se* cases concerning the Blackout be related to *Scott*, noting that each of the *pro se* plaintiffs had consented to relation.[1] Pls.' Letter, ECF No. 16. Defendants responded on July 30, informing the Court of their position on each of the cases. Defs' Letter, ECF No. 17. On September 16, 2019, Plaintiffs wrote to the Clerk of Court to follow up about this request. Pls.' Letter, ECF No. 25.

    Of the six *pro se* cases Plaintiffs requested to be related to *Scott*, two remain both pending and not designated as related.[2] These cases are *Saeed v. Quay* ("*Saeed*") and *Alicea v. Quay et al* ("*Alicea*"). *Saeed v. Quay,* No. 19-cv-02134-KAM-PK (filed April 8, 2019); *Alicea v. Quay et al,* No. 19-cv-02135-WFK-LB (filed April 9, 2019). Both cases are about the Blackout and should be related to *Scott* to promote judicial efficiency and to allow these *pro se* plaintiffs the benefit of briefing and discovery by counsel.

---

[1] This letter was sent to Chief Judge Irizarry, as well as other judges to whom these cases were assigned.

[2] The other four cases have either been terminated or reassigned. *Atkinson v. Quay et al* was dismissed without prejudice. No. 1:19-cv-01615-BMC-LB (filed March 19, 2019). *Ak v. Quay* and *Patel v. Quay et al* were both terminated following notices of voluntary dismissal. *Ak v. Quay*, No. 1:19-cv-02133-AMD-LB (filed April 8, 2019); *Patel v. Quay et al*, No. 1:19-cv-02040-AMD-LB (filed April 4, 2019). *Haskins v. US BOP et al* has already been reassigned to Judge Brodie and Your Honor. No. 19-cv-02568-MKB-SMG (filed April 25, 2019).

In *Saeed*, in which Defendants' answer is due next week, Defendants consent to relation. Although Defendants did not oppose relating *Alicea* to *Scott* in their July 30, 2019 letter, they do now. Defendants' opposition is based on their view that the *Alicea* "case is unique in that plaintiff seeks solely equitable relief, which is not available under *Bivens* and the FTCA" and should not be related to actions seeking monetary relief. The *Scott* Plaintiffs' view is that the type of relief requested by Mr. Alicea in his handwritten *pro se* complaint is of no moment. Fed. R. Civ. P. 54(c) "expressly permits the granting of whatever relief a party is entitled to, whether demanded in the pleadings or not." *Donovan v. Burger King Corp.*, 675 F.2d 516, 520 (2d Cir. 1982). Moreover, because Mr. Alicea is *pro se*, his pleadings are to be read "to raise the strongest arguments that they suggest.'" *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015). Defendants appear to recognize that Mr. Alicea's complaint should be read to include *Bivens* claims, as their August 8, 2019 letter seeking a pre-motion conference in that case focuses primarily on *Bivens*-related grounds for dismissal. ECF No. 10. Because Mr. Alicea's case is also about the Blackout, it should be designated as related to *Scott*.

Plaintiffs are aware of two counseled cases that also concern the Blackout: *Mirvis v. Quay et al* ("*Mirvis*"), which Defendants raised at the November 26, 2019 conference, and *O'Neal et al v. United States of America et al* ("*O'Neal*"). *Mirvis v. Quay et al*, No. 19-cv-02573-LDH-VMS (filed April 26, 2019); *O'Neal et al v. United States of America et al*, No. 19-cv-05039-DLI-VMS (filed September 4, 2019). The Complaint in *Mirvis* focuses primarily on the plaintiff's allegations of sexual assaults and inadequate medical care at MDC, and touches only briefly on the Blackout. Am. Compl., ECF No. 26. Defendants have not filed an answer yet in *Mirvis*, and an initial conference is scheduled for January 22, 2020. Order, Nov. 18, 2019. All parties in *Scott*, as well as plaintiff's counsel in *Mirvis* take no position on relating this case to *Scott*. The plaintiffs in *O'Neal* filed a Related Case Statement on September 6, 2019, stating that both cases arise from the Blackout, raise similar legal claims and name Warden Quay as a Defendant. *O'Neal*, Pls' Related Case Statement, ECF No. 7. *O'Neal* should be designated as related to *Scott* because both cases concern the Blackout. Defendants in *Scott* take no position on *O'Neal* as they have not yet been served with the Complaint in that case.

Because *Saeed, Alicea* and *O'Neal* arise out of the same set of facts and raise substantially similar legal claims, Plaintiffs' counsel believe that relating them to *Scott* would result in a more efficient use of judicial resources and would benefit the *pro se* litigants.

                                        Respectfully submitted,

                                        /s/
                                      Betsy Ginsberg

                                      Alex Hunter
                                      *Legal Intern*

                                      Gabriella Javaheri
                                      *Legal Intern*

cc:     All counsel of record