UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DAVID SCOTT, et al.,

                Plaintiffs,

   -against-

FORMER WARDEN HERMAN QUAY, et al.,

                Defendants.
----------------------------------------X

Civil Action No. 19-CV-1075

(Brodie, J.)
(Gold, M.J.)

### STIPULATION AND ORDER FOR THE PROTECTION OF MATERIALS AND INFORMATION

WHEREAS, Plaintiffs David Scott, Jeremy Cerda, Osman Ak, Merudh Patel, Larry Williams and Gregory Hardy, brought the above-captioned action, Civil Action No. 19-CV-1075 (MKB)(SMG), against Defendants United States of America, former Warden Herman Quay ("Quay"), and facilities manager John Maffeo ("Maffeo") pursuant to the Federal Torts Claims Act, 28 U.S.C. § 2671, *et seq.*, the United States Constitution and *Bivens v Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1972) ("*Bivens*");

WHEREAS, the parties in this action will be producing certain documents or disclosing certain information pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure that they deem to be confidential or sensitive or otherwise inappropriate for disclosure beyond the litigation;

WHEREAS, the parties object to such production absent appropriate protections for their confidentiality in light of asserted and potentially applicable privileges and/or federal and state privacy laws and regulations, including but not limited to, the Privacy Act of 1974, 5 U.S.C. § 552a ("Privacy Act");

Stipulation and Order for the Protection of Materials and Information
*Scott, et al. v. United States*, 19-CV-01975 (MKB) (SMG)

WHEREAS, in order to permit the parties to discover certain such information and documents relevant to the subject matter of this case from adverse parties, the Court hereby enters this Stipulation and Order for the Protection of Materials and Information ("Protective Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 5 U.S.C. § 552(a)(b)(11).

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the parties, individually and/or through their counsel, as follows:

1. The parties may designate as "Confidential Material" any materials, answers to interrogatories, responses to requests for admissions, testimony, transcripts or recordings of testimony, or other information in this litigation that contains: information covered by the Privacy Act; information covered by the law enforcement and investigatory privileges; Federal Bureau of Prisons ("BOP") personnel and disciplinary records; names of BOP inmates other than Plaintiffs; medical, mental health and/or other health care records; information that the parties agree is subject to this Protective Order; information that is otherwise sensitive and that the producing party believes in good faith should be designated as "Confidential Material" under this Protective Order, so long as such materials or information qualify for protection under Federal Rule of Civil Procedure 26(c)(1) or common law; and information that the Court directs be produced subject to this Protective Order. Information or documents that are available in the public domain may not be designated as confidential.

2. The fact that a document or information may fall under one or more of the defined categories in Paragraph 1 does not mean that it automatically constitutes "Confidential Material" under Rule 26(c), nor are the defined categories intended to waive or constrain the receiving party's right to challenge documents or information marked as "Confidential Material" under the

Stipulation and Order for the Protection of Materials and Information
*Scott, et al. v. United States,* 19-CV-01975 (MKB) (SMG)

procedures set forth in Paragraph 4, for falling outside the bounds of Rule 26(c) or common law, including the common law interpreting Rule 26(c).

3. The parties shall designate materials and information as "Confidential Material" by placing on the documents, records and/or information to be produced a "Confidential" notice or its equivalent in a manner that does not interfere with the legibility of the document or materials.

4. A party who contests the designation of particular materials or information as "Confidential Material" shall initiate the meet and confer process to attempt to resolve the dispute by notifying the producing party in writing of its objection to the designation as "Confidential Material." If after engaging in the meet and confer process, the objection is not resolved within thirty (30) days after receipt of the written notice of the objection, the producing party then has thirty (30) from the date on which the objecting party confirms to the producing party that it continues to object to the designation with respect to a particular document to apply to the Court pursuant to Rule 26(c) for an order specifically designating the disclosure at issue as "Confidential Material." Materials and information designated as "Confidential Material" shall remain so designated and treated as such unless and until there is a ruling to the contrary by the Court. Absent good cause, failure to make an application to the Court constitutes abandonment of the claim the material or information is "Confidential Material."

5. A party may designate materials or information that is "Confidential Material" that it has good cause to believe is of a highly sensitive nature and should not be copied or transmitted to anyone but the attorneys in this action as "Confidential Information – Attorneys' Eyes Only." Any materials or information that a party designates as "Confidential Information – Attorneys' Eyes Only" shall be stamped "Confidential" and "Subject to Protective Order – Attorneys' Eyes Only" prior to production.

Stipulation and Order for the Protection of Materials and Information
*Scott, et al. v. United States,* 19-CV-01975 (MKB) (SMG)

6. If a party contests another party's designation of particular "Confidential Information – Attorneys' Eyes Only," the contesting party shall initiate the meet and confer process to attempt to resolve the dispute by notifying the producing party in writing of its objection to the designation as "Confidential Material - Attorneys' Eyes Only". If after engaging in the meet and confer process, the objection is not resolved within thirty (30) days after receipt of the written notice of the objection, the producing party then has thirty (30) days from the date on which the objecting party confirms to the producing party that it continues to object to the designation with respect to a particular document to apply to the Court pursuant to Rule 26(c) for an order specifically designating the disclosure at issue as "Confidential Information – Attorneys' Eyes Only." Materials designated as "Confidential Information – Attorneys' Eyes Only" shall remain so designated and treated as such unless and until there is a ruling to the contrary by the. Absent good cause, failure to make an application to the Court constitutes abandonment of the claim the material or information is "Confidential Material – Attorneys' Eyes Only."

7. Materials and information designated as "Confidential Material" or "Confidential Information – Attorneys' Eyes Only" shall be used for the purposes of this litigation, and shall not be used for any other purpose or suit, or be published to the general public in any form, or used for any business of commercial purpose.

8. "Confidential Material" may be disclosed by the parties or their respective counsel to the following persons: (a) the parties to the respective actions, their counsel (including in-house counsel), and their regular and temporary employees who may be reasonably necessary to aid counsel in the prosecution or defense of this action (including but not limited to legal assistants, paralegals, and clerical or other support staff), but only for as long as necessary for the conduct of the litigation; (b) outside vendors who perform photocopying, scanning, computer classification,

Stipulation and Order for the Protection of Materials and Information
*Scott, et al. v. United States*, 19-CV-01975 (MKB) (SMG)

or similar clerical functions; (c) the Court and its personnel provided that such confidential information is redacted from public court filings or filed under seal in accordance with paragraphs 13 and 14 of this Protective Order; (d) court reporters who record depositions or other testimony in the action; (e) witnesses qualified as experts and identified as such in good faith, including, but not limited to, translators and interpreters; (f) witnesses at any deposition in the action, subject to the provisions of paragraph 10 of this Protective Order; (g) consultants not in the regular employ of the parties who are needed to assist counsel of record in the litigation or trial of the action; (h) witnesses expected to testify at trial; and (i) any other person to whom the party who originally designated the material or information as "Confidential Material" agrees in writing after being given five (5) business days' notice.

9. The right of access to "Confidential Information – Attorney Eyes Only" shall be limited to the following authorized individuals: (a) counsel (including in-house counsel) for the parties to the litigation; (b) staff employees of counsel for the parties operating under a counsel's direction, to the extent that such disclosure is reasonably necessary to assist counsel, but only for as long as necessary for the conduct of the litigation; (c) present or former employees or representatives of the United States or its agencies who may be examined and may testify concerning any "Confidential Information – Attorney Eyes Only;" (d) experts and consultants and their staff who are retained by any party or any party's counsel to assist in the action; (e) qualified persons taking or recording testimony involving "Confidential Information – Attorney Eyes Only" and their necessary stenographic and clerical personnel (e.g., court reporters and video technicians); (f) judges and magistrate judges of the Court, their clerks and staff; and (g) the Clerk of Court and his staff.

Stipulation and Order for the Protection of Materials and Information
*Scott, et al. v. United States*, 19-CV-01975 (MKB) (SMG)

10. Plaintiffs' counsel shall not disclose "Confidential Information – Attorney Eyes Only" to any party or any third party not specified in paragraph 9, or any unauthorized person without further order of the Court or stipulation of the parties in that action.

11. All individuals to whom "Confidential Material" or "Confidential Information – Attorneys' Eyes Only" is disclosed, except for those individuals listed in paragraphs 8(a), 8(c), and 8(d) of this Protective Order with respect to "Confidential Material" and paragraphs 9(a), 9(b), 9(c), 9(e), 9(f), and 9(g) of this Protective Order with respect to "Confidential Information – Attorneys' Eyes Only" material or information, shall be informed of and shall agree with the terms of this Protective Order, and shall not disclose or use "Confidential Material" or "Confidential Information – Attorneys' Eyes Only" except in compliance with this Protective Order, and shall acknowledge their agreement to comply with this Protective Order by signing a copy of the acknowledgment form, which is attached as Exhibit A. A copy of each such acknowledgment form must be provided promptly after its execution to counsel of record for the parties.

12. Each person to whom "Confidential Material" or "Confidential Information – Attorneys' Eyes Only" is disclosed shall: (a) maintain the materials and information in a secure location; (b) not reveal the materials or information protected from disclosure to any person not authorized by and already subject to the terms of this Protective Order; (c) not reveal or use "Confidential Material" or "Confidential Information – Attorneys' Eyes Only" except for the purpose of assisting the parties and their counsel in litigating this action; and (d) not duplicate or make copies of "Confidential Material" or "Confidential Information – Attorneys' Eyes Only" except to the extent necessary for the litigation of this action.

13. Prior to filing any "Confidential Material" or "Confidential Information – Attorneys' Eyes Only" in any pleadings, motions or other papers that are to be filed with the Court, motions

Stipulation and Order for the Protection of Materials and Information
*Scott, et al. v. United States,* 19-CV-01975 (MKB) (SMG)

or other papers to be filed with the Court disclosing information and/or documents protected from disclosure, the parties shall, before filing such information or documents with the Court, make a motion to the Court requesting permission to file such information or documents "under seal." If the party's request is granted, the information or documents to be filed "under seal" shall be filed electronically using a filing option that allows the document to be filed under seal and not made accessible to the general public. In addition, the parties shall publicly file redacted versions of the information or documents filed "under seal" if feasible, given the information that needs to be redacted.

14. Notwithstanding the provisions of Paragraph 13, where the Confidential Material is not relevant to issues addressed in court submissions and the parties agree in writing that the redaction of the confidential information would be sufficient to protect the interests of the producing party, the parties may file redacted documents without further Order of the Court.

15. Nothing in this Protective Order shall preclude any disclosure of materials or information subject to this Protective Order to any judge, magistrate judge, or employee of the Court for purposes of this case.

16. Inadvertent production or disclosure of "Confidential Material" that was not marked "Confidential" or, as applicable, "Confidential" and "Subject to Protective Order – Attorneys' Eyes Only" shall not in and of itself be deemed a waiver of any claim of confidentiality as to those materials or information. If a party fails to mark an item as "Confidential" or, as applicable, "Confidential" and "Subject to Protective Order – Attorneys' Eyes Only" at the time of production or disclosure, the party may correct this failure within a reasonable time in writing accompanied by substitute copies of each item, contained or folder, appropriately marked "Confidential" or, as applicable, "Confidential" and "Subject to Protective Order – Attorneys' Eyes Only." In the event

Stipulation and Order for the Protection of Materials and Information
*Scott, et al. v. United States*, 19-CV-01975 (MKB) (SMG)

of inadvertent production or disclosure, the producing party may provide written notice to the other parties identifying the material or information inadvertently disclosed. Within five (5) business days of receipt of such notice, any individual or entity that received such allegedly privileged or protected material shall return to the producing party all such material and copies thereof in his, her or its possession. In the event that a party receiving such notice objects to the subsequent designation of the produced materials or information as "Confidential" or "Confidential" and "Subject to Protective Order – Attorneys' Eyes Only," the parties may retain the original disclosures until the objection has been resolved as described in paragraph 4 and/or paragraph 6 of this Protective Order, but shall treat the disclosure as confidential during that period.

17. Nothing in this Protective Order shall prohibit or limit the United States or any of its agencies or employees from using or disclosing material or information designated as "Confidential Information" as the United States, its agencies, and its employees would otherwise be authorized to do by law absent entry of the Protective Order.

18. Nothing in this Protective Order shall prohibit or preclude a party from using for any purpose documents or information that party produced or deposition testimony that party alone has designated as "Confidential Material" or "Confidential Information – Attorneys' Eyes Only."

19. This Protective Order does not constitute a ruling on the question of whether any particular document, materials, or category of information should be subject to public disclosure or is properly discoverable, or on any potential objection to discoverability, relevance, or admissibility of materials or information, or on the question of whether a party may withhold any particular document or category of information on the basis of privilege.

Stipulation and Order for the Protection of Materials and Information
*Scott, et al. v. United States*, 19-CV-01975 (MKB) (SMG)

20. The United States and its agencies and employees are authorized pursuant to 5 U.S.C. § 552a(b)(11) to produce records and information pursuant to the terms of this Protective Order that would otherwise be protected from disclosure by the Privacy Act.

21. This Protective Order will survive the conclusion of the litigation of this action, whether through settlement and completion of all terms or through dispositive motion practice or after trial, and completion of all appellate proceedings, and will continue to be binding on all persons to whom materials or information designated as "Confidential Material" or "Confidential Information – Attorneys' Eyes Only" has been produced or disclosed. Upon conclusion of the litigation of this action, the recipients of materials or information designated as "Confidential Material" or "Confidential Information – Attorneys' Eyes Only" shall either destroy, or return to the producing party, or maintain in a secure manner so as to prevent inadvertent disclosure and appropriately dispose of such materials and information in accordance with retention practices and policies. After the conclusion of the litigation of this action, no party or any other person receiving materials or information designated as "Confidential Material" or "Confidential Information – Attorneys' Eyes Only" pursuant to paragraph 8 or paragraph 9 shall use such materials or information for any purpose without prior Court approval. This provision applies to all copies and nonconforming copies of materials and information designated as "Confidential Material" or "Confidential Information – Attorneys' Eyes Only" that have been disclosed.

22. It is contemplated that this Protective Order may be executed in any number of counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument. Facsimile or photocopied signatures on this Protective Order shall

have the full force and effect as original signatures.

Dated: New York, New York
April 15, 2020

Katie Rosenfeld
O. Andrew F. Wilson
Scout Katovich
Emery, Celli, Brinckerhoff & Abady, LLP
*Attorneys for Plaintiffs*
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

CARDOZO CIVIL RIGHTS CLINIC
Betsy Ginsberg
Alexander Hunter, Legal Intern
Gabriella Javaheri, Legal Intern
Benjamin N. Cardozo School of Law
55 Fifth Avenue, 11th Floor
New York, NY 10003
(212) 790-0871

Alexander R. Reinert
55 Fifth Avenue, Room 1005
New York, New York 10003
(212) 790-0871

By: _____

Stipulation and Order for the Protection of Materials and Information
*Scott, et al. v. United States*, 19-CV-01975 (MKB) (SMG)

| | |
|---|---|
| Dated: Brooklyn, New York<br>April 15, 2020 | RICHARD P. DONOGHUE<br>United States Attorney<br>*Attorney for Defendants United States of America, Former Warden Herman Quay Facilities Manager John Maffeo*<br>271-A Cadman Plaza East, 7th Floor<br>Brooklyn, New York 11201 |
| by: | */s/ Kathleen A. Mahoney*<br>Seth D. Eichenholtz<br>Assistant U.S. Attorney<br>(718) 254-7036<br>Seth.eichenholtz@usdoj.gov<br>Sean P. Greene<br>Assistant U.S. Attorney<br>Sean.greene@usdoj.gov<br>Shana C. Priore<br>Assistant U.S. Attorney<br>Shana.c.priore@usdoj.gov<br>Kathleen A. Mahoney<br>Assistant U.S. Attorney<br>kathleen.mahoney@usdoj.gov |

SO ORDERED:

_____
HONORABLE STEVEN M. GOLD
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
DAVID SCOTT, et al.,

                       Plaintiffs,

  -against -

FORMER WARDEN HERMAN QUAY, et al.,

                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Civil Action No. 19-CV-1075

(Brodie, J.)
(Gold, M.J.)

## ACKNOWLEDGEMENT FORM FOR PROTECTIVE ORDER

      I, _____, being duly sworn, state:

      1. My address is _____.

      2. My present employer is _____ and the address of my present employment is _____.

      3. My present occupation or job description is _____.

      4. I have read and understand the provisions of the Supplemental Order for the Protection of Materials and Information in this case, and I will comply with all of its provisions.

      5. I will hold in confidence, and not disclose to anyone not qualified under the Supplemental Order for the Protection of Materials and Information, any confidential material or any words, summaries, abstracts, or indices of documents or information designated as "Confidential Material" or "Confidential Information – Attorneys' Eyes Only" solely that have been disclosed to me.

      6. I will limit my use of "Confidential Material" or "Confidential Information – Attorneys' Eyes Only" material and information solely to the purpose of this lawsuit.


Dated: _____    Signed: _____