UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID SCOTT, et al.,

                    Plaintiffs,

    -against-

FORMER WARDEN HERMAN QUAY, et al.,

                    Defendants.
------------------------------------------------------------X

Civil Action No. 19-CV-01075

(Brodie, J.)
(Gold, M.J.)

**STIPULATION AND ORDER FOR THE PROTECTION OF
OF MATERIALS AND INFORMATION CONCERNING
INDIVIDUALS WHO ARE NO LONGER IN THE CUSTODY
OF THE FEDERAL BUREAU OF PRISONS**

WHEREAS, Plaintiffs' counsel have sought to have the Federal Bureau of Prisons ("BOP") provide them with a list containing the names and self-reported addresses in BOP's records of individuals who were housed in the West Building of the Metropolitan Detention Center in Brooklyn, New York ("MDC-Brooklyn") on all or some date(s) between January 27, 2019 and February 3, 2019, who were no longer in the custody of the BOP as of March 16, 2020 (the "Address Information"); and

WHEREAS, Defendants object to the production of the Address Information on the grounds that it is protected from disclosure by federal and state privacy laws and regulations, including but not limited to, the Privacy Act of 1974, 5 U.S.C. § 552a ("Privacy Act") and 28 C.F.R. § 513.34; and

WHEREAS, on September 22, 2020, the Court overruled Defendants' objections and ordered the production of the Address Information; and

Stipulation and Order for the Protection of Materials and Information Concerning Individuals Who Are No Longer in the Custody of the Federal Bureau of Prisons
*Scott, et al. v. Quay, et al.*, 19-CV-01975 (MKB)(SMG)

WHEREAS, on September 22, 2020, the Court ordered the parties to submit a proposed stipulation and order governing the production of the Address Information pursuant to certain limitations and protections.

THEREFORE, the Court hereby enters this Stipulation and Order for the Protection of Materials and Information Concerning Individuals Who Are No Longer in the Custody of the Federal Bureau of Prisons ("Protective Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 5 U.S.C. § 552(a)(b)(11):

1. The BOP and its employees are authorized pursuant to 5 U.S.C. § 552a(b)(11) to produce to Plaintiffs' counsel, pursuant to the terms of this Protective Order, the Address Information, information that would otherwise be protected from disclosure by the Privacy Act.

2. The Address Information, in whatever format it is being produced pursuant to this Protective Order, is designated as "Confidential Material – Attorneys' Eyes Only" and shall be stamped "Confidential" and "Subject to Protective Order – Attorneys' Eyes Only."

3. The Address Information shall be used by Plaintiffs' counsel solely for the purpose that they represented during the September 22, 2020 telephonic conference and set forth in the Joint Status Letter dated September 15, 2020, *i.e.*, to mail the individuals an envelope marked "Confidential and Privileged" containing a document of approximately six pages comprising: (1) an explanatory cover letter from Plaintiffs' counsel informing the addressee about this action and the requirement and deadline for filing an administrative tort claim, (2) an SF-95 form with blank supplemental form, and (3) an authorization form allowing Plaintiffs' counsel to file the SF-95 on the individual's behalf, and a stamped envelope for return of the forms to Plaintiffs' counsel.

Stipulation and Order for the Protection of Materials and Information Concerning Individuals Who Are No Longer in the Custody of the Federal Bureau of Prisons
*Scott, et al. v. Quay, et al.*, 19-CV-01975 (MKB)(SMG)

4. The Address Information shall not be used for any other purpose or suit, or be published to the general public in any form, or used for any business or commercial purpose.

5. The right of access to the Address Information shall be limited to the following authorized individuals: (a) counsel for Plaintiffs; (b) employees and legal interns of counsel for Plaintiffs; (c) TransPerfect Legal Solutions, or a similar vendor, that Plaintiffs' counsel will use to facilitate the mailing referenced in paragraph 3; (d) other individuals that the parties agree in writing may access the information; and (e) any other individuals given permission to access the Address Information by the Court.

6. Plaintiffs' counsel shall maintain the Address Information in a secure location, and shall not reveal any information contained therein to any person not authorized by and already subject to the terms of this Protective Order without further order of the Court or stipulation of the parties.

7. In the event that either party seeks to include the Address Information or any information contained therein in any pleadings, motions or other papers that are to be filed with the Court, before filing the Address Information or any information contained therein with the Court, that party shall make a motion to the Court requesting permission to file the Address Information or any information contained therein "under seal." If the party's request is granted, the Address Information or the information to be filed "under seal" shall be filed electronically using a filing option that allows the document to be filed under seal and not made accessible to the general public.

8. Nothing in this Protective Order shall preclude any disclosure of information subject to this Protective Order to any judge, magistrate judge, or employee of the Court for purposes of this case.

Stipulation and Order for the Protection of Materials and Information Concerning Individuals Who Are No Longer in the Custody of the Federal Bureau of Prisons
*Scott, et al. v. Quay, et al.*, 19-CV-01975 (MKB)(SMG)

9. Nothing in this Protective Order shall prohibit or limit the United States or any of its agencies or employees from using or disclosing the Address Information as the United States, its agencies, and its employees would otherwise be authorized to do by law absent entry of the Protective Order.

10. Nothing in this Protective Order shall prevent Plaintiffs' counsel from responding to future communications from any of the individuals to whom an envelope is sent as provided in paragraph 3.

11. This Protective Order will survive the conclusion of the litigation of this action, whether through settlement and completion of all terms or through dispositive motion practice or after trial, and completion of all appellate proceedings, and will continue to be binding.

12. Upon conclusion of the litigation of this action, Plaintiffs' counsel shall either destroy the Address Information or return it to Defendants' counsel.

13. It is contemplated that this Protective Order may be executed in any number of counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument. Facsimile or photocopied signatures on this Protective Order shall have the full force and effect as original signatures.

Stipulation and Order for the Protection of Materials and Information Concerning Individuals Who Are No Longer in the Custody of the Federal Bureau of Prisons
*Scott, et al. v. Quay, et al.*, 19-CV-01975 (MKB)(SMG)

| | |
|---|---|
| Dated: New York, New York<br>October 1, 2020 | Katherine Rosenfeld<br>O. Andrew F. Wilson<br>Scout Katovich<br>Emery, Celli, Brinckerhoff, Abady, Ward<br>  & Maazel LLP<br>600 Fifth Avenue, 10th Floor<br>New York, New York 10020<br>(212) 763-5000<br><br>CARDOZO CIVIL RIGHTS CLINIC<br>Benjamin N. Cardozo School of Law<br>Betsy Ginsberg<br>Kira Brekke, Legal Intern<br>Clare Haugh, Legal Intern<br>55 Fifth Avenue, 11th Floor<br>New York, NY 10003<br>(212) 790-0871<br><br>Alexander A. Reinert<br>55 Fifth Avenue, Room 1005<br>New York, New York 10003<br>(212) 790-0871<br><br>*Attorneys for Plaintiffs*<br><br>By: _____ |

Stipulation and Order for the Protection of Materials and Information Concerning Individuals Who Are No Longer in the Custody of the Federal Bureau of Prisons
*Scott, et al. v. Quay, et al.*, 19-CV-01975 (MKB)(SMG)

Dated: Brooklyn, New York
   October 1, 2020

SETH D. DuCHARME
Acting United States Attorney
*Attorney for Defendants United States of America, Former Warden Herman Quay Facilities Manager John Maffeo*
271-A Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

By: /s/ Kathleen A. Mahoney
Seth D. Eichenholtz
Assistant U.S. Attorney
(718) 254-7036
seth.eichenholtz@usdoj.gov
Sean P. Greene-Delgado
Assistant U.S. Attorney
(718) 254-6484
sean.greene@usdoj.gov
Kathleen A. Mahoney
Assistant U.S. Attorney
(718) 254-6026
kathleen.mahoney@usdoj.gov

SO ORDERED:

_____
HONORABLE STEVEN M. GOLD
UNITED STATES MAGISTRATE JUDGE