

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271-A Cadman Plaza East, 7th Floor*
*Brooklyn, New York 11201*

December 4, 2020

BY ECF

Honorable Steven M. Gold
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Scott, et al. v. Quay, et al.,*
               Civil Action No. 19-CV-01075 (MKB) (SMG)

Dear Judge Gold:

      In accordance with Your Honor's Order dated November 16, 2020, Defendants respectfully submit this letter setting forth their proposal for ESI production in the above-referenced action brought pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Torts Claims Act, 28 U.S.C. §§ 1346(b)(1) and 2671 *et seq.* The parties have conferred, but were not able to agree on a proposed schedule.

      As stated in Defendants' prior letters to Your Honor about ESI production,[1] the Federal Bureau of Prisons ("BOP") completed ESI searches in accordance with Your Honor's May 26, 2020 rulings during the week of July 13. Those initial searches yielded approximately 19,000 hits. After the BOP re-ran the searches at Plaintiffs' request to obtain the breakdown of document hits per search term, Plaintiffs provided some modifications of the initial search terms (the terms and, in some instances, the date ranges). The BOP then conducted new searches based on the revised search terms. Those searches were completed in October.

      On the evening of November 13, 2020, Plaintiffs filed a letter motion asking the Court to order Defendants to provide the number of documents located in the revised searches and to set a schedule for production to be completed no later than February 1, 2021. Dkt. #93. Defendants' response stated that they would provide the total hit number by November 20, and submit a proposed production schedule on consent, or submit their proposed schedule, by

---

[1] *See* Dkt. #76-#78, 81.

December 4. Dkt. #4. Your Honor denied Plaintiffs' motion without prejudice.

By letter dated November 20, 2020, Defendants advised Plaintiffs that they had been under the impression that the revised searches yielded approximately 18,000 items, but in confirming that information, it was determined that 18,008 was the number of the initial search results after threading and duplicate identification. Defendants were awaiting the count from the revised searches. Regarding a proposed production schedule, Defendants reiterated that counsel required training and time to familiarize themselves with the document management software being used by the BOP,[2] and stated that they could not yet to commit to a date for an initial production. However, they expected to be able to review approximately 2,000 items per month and make a monthly release of the relevant, non-privileged items in that month's batch of reviewed items.[3] Defendants also repeated, as noted in their November 16, 2020 letter to the Court, that a cursory preliminary review of a small sampling of the 18,008 items included a fairly significant number of items containing search terms also used in the revised searches that are wholly irrelevant to the issues in this action.

On Monday, November 23, Defendants informed Plaintiff by email that the most recent searches had yielded 14,825 results, and after threading and deduplication, there were 10,594 results.

Thereafter, the parties met and conferred by telephone and email regarding a proposed production schedule. Despite being made aware of the technological and resource issues faced by Defendants, and Defendants' good faith estimate that they would not be able to make the first rolling production before the latter half of January 2021,[4] Plaintiffs insisted that Defendants should be able to complete the *entire* ESI production by the end of January 2021. Defendants counter-proposed April 30, 2021 as an aspirational production completion date, and suggested that the review could prioritize the custodians chosen by Plaintiffs. Ultimately, Plaintiffs proposed that rolling productions be made every two weeks beginning December 21, to be completed by February 15, 2021. It is Defendants' position that this proposal presents a timeline that is unrealistic and would be oppressive. The revised search returned nearly 10,660 items, which is still a voluminous amount of material that needs to be reviewed for relevance and privilege prior to production.

As the parties have not been able to agree on a proposed production schedule for ESI, Defendants propose the following schedule, which they believe to be workable: initial production to be made by January 29, 2021, and monthly rolling productions thereafter until

---

[2] *See* Dkt. #96; *see also* Dkt. #75, #76, #77, #78, #81.

[3] Defendants also made clear that this did not mean they would be producing 2,000 items per month.

[4] If Defendants are able to review approximately 2,000 ESI items per month, the estimated production completion date would be late June 2021.

completed,[5] with estimated completion date of May 31, 2021.

    Thank you for Your Honor's consideration of this submission.

Respectfully submitted,

SETH D. DuCHARME
Acting United States Attorney
Attorney for Defendants

By:   s/_____
       Seth D. Eichenholtz
       Sean P. Greene-Delgado
       Kathleen A. Mahoney
       Assistant U.S. Attorneys
       (718) 245-7036/6484/6026
       seth.eichenholtz@usdoj.gov
       sean.greene.@usdoj.gov
       kathleen.mahoney@usdoj.gov

cc:    Plaintiffs' Counsel of Record (by ECF)

---

[5] Defendants would not object to making rolling productions twice per month if it is understood that each review would involve 1,000 items (not 2,000).