# CARDOZO LAW

BENJAMIN N. CARDOZO SCHOOL OF LAW • YESHIVA UNIVERSITY

## CIVIL RIGHTS CLINIC

**Betsy Ginsberg**
*Director*
*Clinical Professor of Law*

(646) 592-6495
Fax  (212) 790-0256
betsy.gingsberg@yu.edu

February 10, 2021

**BY ECF**
Chief Judge Margo K. Brodie
United States District Court Chief Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *Scott et al. v. Quay et al.*, 19-cv-01075 (MKB) (PK)
     Motion for Class Certification Briefing Schedule

Dear Judge Brodie:

Together with Emery Celli Brinckerhoff Abady Ward & Maazel LLP and Alexander A. Reinert, we represent Plaintiffs in this putative class action. This case concerns the week-long blackout that occurred at the MDC-Brooklyn in January 2019 and the egregious conditions that followed, leaving approximately 1,600 people without their basic human necessities. For seven days, while temperatures outside dipped as low as two degrees Fahrenheit, individuals were left locked in their dark cells without heat, adequate clothing or blankets, warm meals, or functioning plumbing. Pursuant to Your Honor's Rule 3.C, Plaintiffs request that the Court set a briefing schedule for their Rule 23 motion for class certification.

Plaintiffs filed this putative class action on February 22, 2019 alleging violations of their Constitutional rights under *Bivens* v. *Six Unknown Named Agents*, 403 U.S. 388 (1971) and on November 15, 2019 amended the Complaint to add a class-wide claim under the Federal Tort Claims Act ("FTCA"). On February 13, 2020, Defendants moved to dismiss the amended complaint. Magistrate Judge Gold issued a Report and Recommendation ("R&R") on November 16, 2020, recommending Defendants' motion be denied with respect to Plaintiffs' FTCA claim and granted with respect to Plaintiffs' *Bivens* claim. Plaintiffs and Defendants both filed objections to Judge Gold's R&R for which briefing was complete on January 4, 2021.

Plaintiffs now intend to move for class certification. We respectfully request that the Court enter an Order approving the following briefing schedule, which we have proposed to Defendants:

February 17, 2021   Plaintiffs serve their Motion for Class Certification.
March 17, 2021      Defendants serve any opposition.
April 1, 2021       Plaintiffs serve their reply.

Defendants do not consent to Plaintiffs' proposed schedule because they believe the motion for class certification is premature and, in any event, believe that the proposed schedule does not provide sufficient time for them to submit their opposition.

It is Plaintiffs' position that now is the appropriate time to move for class certification, as briefing on the parties' objections to Judge Gold's R&R on Defendants' Motion to Dismiss is fully submitted before this Court. Plaintiffs are required under Rule 23 to move at "an early practicable time" after filing a complaint. This case has now been pending for two years. Notably, at the December 17, 2020 status conference, Judge Gold asked Plaintiffs on the record whether there had been a motion for class certification filed yet. Plaintiffs confirmed that we would be filing shortly. Delaying briefing on class certification will in turn delay class discovery, if the class is certified, and a determination of whether class members will need to file their individual cases if it is not. Furthermore, whether the case continues under both *Bivens* and the FTCA, or just under the FTCA will not materially affect the briefing on this motion.

Defendants' point, *infra*, that delay is warranted because of any potential differences in how class members experienced the conditions crisis is misguided. Cases like this one, in which incarcerated people experienced the same conditions or policies at the same time are routinely given class treatment, and minor differences in class member experiences do not impact whether or how a class is certified. *See, e.g.*, *Butler v. Suffolk Cty.*, 289 F.R.D. 80, 98 (E.D.N.Y. 2013) (certifying class of everyone in the Suffolk County Correctional Facility in case involving unhygienic conditions of confinement); *Ingles v. City of New York*, No. 01 CIV. 8279(DC), 2003 WL 402565, at *9 (S.D.N.Y. Feb. 20, 2003) (certifying class of individuals housed at several city jails concerning the city's policy and practice of excessive use of force). Additionally, there is no plausible reason here to delay class certification until after summary judgment. *See Kurtz v. Kimberly-Clark Corp.*, 321 F.R.D. 482, 507 (E.D.N.Y. 2017) (Weinstein, J.) (noting the "traditional route" is to decide class certification before summary judgment and following that route).

Defendants maintain that the issue of class certification is premature until completion of discovery and summary judgment motion practice and, at absolute minimum, until the Court rules on Defendants' motion to dismiss, including the parties' respective objections to the R&R. Defendants submit that there is no reason to decide the issue if Plaintiffs cannot succeed on their underlying claims. Even if the Court's decision on the motion to dismiss is not entirely dispositive of Plaintiffs' claims, understanding which claims are viable will frame Defendants' arguments as to the various elements of class certification, including numerosity, common questions of law or fact, typicality, and whether the class representatives adequately represent the class. *See Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010), *cert. denied*, 565 U.S. 930 (2011); *see also Wal-Mart Stores, Inc., v. Dukes*, 564 U.S. 338, 349 (2011). As different individuals at MDC were affected by the conditions at issue in different ways, the exact nature of any alleged negligence, and the proximate result of that negligence, could easily alter the outcome of the class certification analysis. Further, leaving issues of class certification to a later stage of litigation will allow Defendants to continue to focus their resources on ongoing discovery, including the current onerous ESI review and production, in which Defendants are reviewing over 10,000 documents over the next several weeks. Defendants maintain that Plaintiffs have not shown any compelling reason for filing their motion for class certification at this time. Indeed, Plaintiffs know the

universe of potential class members. The Federal Bureau of Prisons has provided the names and contact information for potentially affected individuals. For these reasons, Defendants request that the Court deny Plaintiffs' request to file the motion without prejudice to renewal at a more appropriate point in the litigation.

In the event that the Court permits Plaintiffs to file their class certification motion on the date Plaintiffs propose (February 17, 2021), Defendants request, for the reasons set forth above, that the Court allow Defendants until 60 days after the resolution of their motion to dismiss to file any opposition. In the event that the Court elects to set a date certain for Defendants' opposition to the motion, Defendants respectfully request that their opposition be due no earlier than May 18, 2021.

As the parties have been unable to reach an agreement on a briefing schedule, Plaintiffs ask the Court to set a schedule for Plaintiffs' motion for class certification. The Court's attention to this matter is appreciated.

Respectfully submitted,
/s/
Betsy Ginsberg
CARDOZO CIVIL RIGHTS CLINIC
Attorney for Plaintiffs
55 Fifth Avenue, 11th Floor
New York, NY 10003
(646) 592-6495

Clare Haugh
Kira Brekke
*Legal Interns*

cc: Counsel of Record (by ECF)