UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

DAVID SCOTT, JEREMY CERDA, OSMAN AK,
MERUDH PATEL, GREGORY HARDY, and
LARRY WILLIAMS, individually and on behalf of
all others similarly situated,

                Plaintiffs,

    -against-

FORMER WARDEN HERMAN QUAY,
FACILITIES MANAGER JOHN MAFFEO, and
THE UNITED STATES OF AMERICA,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Civil Action No. 19-CV-01075

(Korman, J.)
(Kuo, M.J.)

# MEMORANDUM OF LAW IN OPPOSITION TO
# MOTION FOR CERTIFICATION OF CLASSES AND
# APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL

MARK J. LESKO
Acting United States Attorney
Eastern District of New York
217-A Cadman Plaza East, 7th Flr.
Brooklyn, New York 11201

April 22, 2021

Kathleen A. Mahoney
Sean Greene-Delgado
Shana C. Priore
Paulina Stamatelos
Assistant U.S. Attorneys
    (Of Counsel)

## TABLE OF CONTENTS

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

THE COURT SHOULD DENY PLAINTIFF'S
MOTION FOR CERTIFICATION OF CLASSES AND
APPOINTMENT OF CLASS COUNSEL

  A. Legal Standards Governing the Certification of a Class . . . . . . . . . . . . . . . . . . . . .4

  B. Plaintiffs Do Not Satisfy the Rule 23(a) Prerequisites. . . . . . . . . . . . . . . . . . . . . . .5

    1. Numerosity. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . .5

    2. Commonality. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

    3. Typicality . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    4. Adequacy of Representation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

  C. Plaintiffs Do Not Meet the Rule 23(b) Criteria. . . . . . . . . . . . . . . . . . . . . . . . . . . .15

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

## PRELIMINARY STATEMENT

Defendant, the United States of America ("United States") respectfully submits this memorandum of law in opposition to Plaintiffs' motion for certification of two classes and appointment of Plaintiffs' counsel as class counsel in this action brought pursuant to the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2401(b0) and 2671 *et seq.*[1]

As shown below, this action should not be certified as a class action because it does not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. Accordingly, Plaintiffs' motion should be denied in its entirety.

## STATEMENT OF THE CASE

The six Plaintiffs were housed at the Federal Bureau of Prison ("BOP") Metropolitan Detention Center in Brooklyn, New York ("MDC") on one or more days between January 27 and February 3, 2019 (the "Period at Issue"), when there was a partial power outage in the MDC's West Building as the result of a fire in one of the three power distribution systems for the building.[2] Due to the power outage, only emergency lighting and power for essential systems (life safety equipment, elevators, and door locks and security systems) were available, and the MDC's operations were disrupted during the period at issue.[3]

---

[1] Plaintiffs' constitutional claims against Defendants Former Warden Herman Quay ("Quay") and Facilities Manager John Maffeo ("Maffeo"), asserted under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"), have been dismissed. Order dated March 22, 2021 *adopting* Report & Recommendation (Dkt. #95).

[2] *See* Amended Compl. ¶¶ 9-14 (Dkt. #29); *see also* Declaration of AUSA Seth D. Eichenholtz (Dkt. #65) Ex. A (Declaration of Warden Herman Quay filed in *Federal Defenders of New York v. Federal Bureau of Prisons*, 19-CV-660) at 7-8, 10 (¶¶ 18-20, 30) and Ex. B (Declaration of John Maffeo filed in *Federal Defenders*) at 15 (¶¶ 9-11); Dkt. #95 at 1.

[3] *See* Dkt. #65 at 7-8 (Ex. A ¶¶ 20, 21), 14 (Ex. B ¶ 4), 16 (Ex. B ¶ 14); *see also* Dkt. #65 at 16-17 (Ex. B ¶¶ 17-20).

1

Less than three weeks later, on February 22, 2019, Plaintiffs David Scott and Jeremy Cerda (*sic*),[4] who had not exhausted any administrative remedies, filed this putative class action against Defendant Quay, asserting constitutional claims under *Bivens* with respect to conditions at the MDC during the Period at Issue and seeking compensatory and punitive damages. Dkt. #1.

The amended complaint, filed on November 15, 2019, added four named Plaintiffs and Defendants Maffeo and United States. Dkt. #29. The six named Plaintiffs asserted class action claims against Quay and Maffeo. Id. at ¶¶ 338-39. The amended complaint also added class action negligence claims under the FTCA asserted by Plaintiffs Scott and Cerda.[5] *Id.* at ¶¶ 340-51. Plaintiffs alleged that during the weeklong Period at Issue, they experienced cold temperatures, no lighting in their cells, late and cold meals, and no hot water, and were confined to their cells, denied medical care and/or medication, and were unable to communicate with family and friends or receive social and attorney visits. Dkt. #29 ¶¶ 69-70, 73, 76, 78-79, 87, 104-05, 114, 117, 123-24, 126, 145-48, 150-52, 155-56, 168-69, 174-75, 179, 181, 192, 198-202, 209-10, 221, 233, 236-37, 239, 242-45, 249-50. Plaintiffs seek compensatory and punitive damages for themselves and the putative class members.[6] Dkt. #29 Wherefore Clause.

---

[4] BOP's records indicate that this individual's name is Jeremy Cerada, not Cerda.

[5] Plaintiffs Scott and Cerda did not submit administrative tort claims under the FTCA to the BOP until more than two months after this action was filed. *See* Dkt. #29 ¶¶ 95, 133.

[6] Punitive damages are not available under the FTCA. 28 U.S.C. § 2674 ("The United States . . . shall not be liable for interest prior to judgment or for punitive damages.").

On February 17, 2021, Plaintiffs served the instant motion, which requests that the Court certify two plaintiff classes consisting of:

> (1) all those people who were confined in the Metropolitan Detention Center's West Building during the [Period at Issue] and who have or will in the future have satisfied the exhaustion requirement imposed by 28 U.S.C. § 2675, and
>
> (2) all those people who were confined in the Metropolitan Detention Center's West Building during the [Period at Issue].

Notice of Motion at 1-2; Memorandum of Law in Support of Motion for Certification of Classes and Appointment of Plaintiffs' Counsel as Class Counsel ("Plaintiff's Memorandum" or "Pls. Mem.") at 8-9. See Dkt. #118.

After service of Plaintiffs' motion, the Court adopted the Report and Recommendation (Dkt. #95), and granted Defendants' motion to dismiss to the extent that Plaintiffs' claims of constitutional violations brought pursuant to Bivens were dismissed. Order dated Mar. 22, 2021.

Thus, only the FTCA claims remain. Only Plaintiffs Scott and Cerda sought to be class representatives for the FTCA claims. See Amended Compl. ¶¶ 340-341.

# ARGUMENT

## THE COURT SHOULD DENY PLAINTIFFS' MOTION FOR CERTIFICAITON OF CLASSES AND APPOINTMENT OF CLASS COUNSEL

The Court should not certify either of the two proposed classes (hereinafter referred to as Proposed Class 1 and Proposed Class 2. The proposed class representatives, Plaintiffs Scott and Cerda, have not demonstrated that they meet the requirements for class certification regarding their FTCA claims.

### A. Legal Standards Governing the Certification of a Class

Rule 23 of the Federal Rules of Civil Procedure provides that

One or more members of a class may sue or be sued as representative parties on behalf of all members only if

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). In addition to satisfying the prerequisites in Rule 23(a), one of the three sets of criteria in Rule 23(b) must be met. *See Marisol A. v. Giuliani*, 126 F.3d 372, 375 (2d Cir. 1997).

The plaintiffs bear the burden of establishing by a preponderance of the evidence that each requirements of Rule 23 has been met. *See Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010). A class may be certified "only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34 (2013) (citation and internal quotations marks omitted). In determining whether the requirements are met, a court should not consider the merits of the case. *Caridad v. Metro-*

4

*North Commuter Railroad*, 191 F.3d 283, 291 (2d Cir. 1999) ("Nevertheless, a motion for class certification is not an occasion for examination of the merits of the case.").

## B. Plaintiffs Do Not Satisfy the Rule 23(a) Prerequisites

In order to justify a departure from the usual rule that litigation is conducted by and on behalf of only the individual parties, Plaintiffs Scott and Cerda, as proposed class representatives, must show that they satisfy all four of the prerequisites in Rule 23(a). *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (citations omitted); *see also Caridad*, 191 F.3d at 291. Plaintiffs Scott and Cerda have not made this showing with respect to three of the four prerequisites.

### 1. Numerosity

Numerosity is the only prerequisite that Plaintiffs Scott and Cerda satisfy. The Second Circuit has held that numerosity is presumed at 40 members. *Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995). Defendant United States does not dispute that over 1,600 individuals were housed in the MDC West Building on one or more days during the Period at Issue. *See* Pls. Mem. at 11. Indeed, Defendants have reported to the Court that approximately 1,694 male inmates/detainees were housed on six floors in the MDC West Building on one or more days during the Period at Issue.[7] *See* Dkt. #59 at 2 (Item 3); *see also* Dkt. #70 at 2.

---

[7] As ordered by Magistrate Judge Gold, on April 21, 2020, Defendants provided Plaintiffs' counsel with a list of the names and current BOP facilities for the 1,108 individuals in BOP custody as of March 16, 2020 (when a report containing the names was generated). *See* Dkt. #70 at 2. On October 8, 2020, Defendants provided Plaintiffs' counsel with the names and self-reported addresses in the BOP's records of the other 586 individuals. *See* Dkt. #102 at 3 (Item III). Because this action has not been certified as a class action, the lists were produced subject to the terms of protective orders. Dkt. #62 and #83.

5

## 2. **Commonality**

"Commonality requires the plaintiff to show that the class members have suffered the same injury." *Dukes*, 564 U.S. at 349-50 (internal quotation marks and citation omitted). "This does not mean merely that they have suffered a violation of the same law. . . . Their claims must depend upon a common contention . . . [that] must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* at 350.

Plaintiffs Scott and Cerda assert FTCA class action allegations of negligence based on a variety of theories. *See* Amended Compl. ¶ 343; *see also id.* ¶¶ 340-351; Pls. Mem. at 4-5, 13. Although Plaintiffs characterize this action as concerning systemic MDC-wide conditions of confinement issues of constitutional proportions (*see* Pls. Mem. at 11-13), any alleged *Bivens* claims against Defendants Quay and Maffeo based on alleged constitutional violations are no longer an issue.[8] The FTCA explicitly excludes constitutional claims from its coverage. 28 U.S.C. § 2679(b)(2)(B). *See Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 475 (1994) (The United States has not waived its sovereign immunity for claims based on the United States Constitution). Plaintiffs' tort actually

The FTCA claims -- which are the only claims remaining at issue -- pertain only to a one-week period during which there were unique circumstances due to the power outage. These negligence claims, which are specific to each individual, are not capable of being resolved "in one stroke" for members of either of the proposed classes. The FTCA provides that the United States is subject to tort liability for personal injury, death or loss of property

---

[8]  Plaintiffs' Memorandum was served prior to the Court's adoption of the Report and Recommendation dismissing those claims.

6

caused by the negligent or wrongful act or omission of an employee of a Federal agency who was acting within the scope of his office or employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the [negligent] act or omission occurred." 28 U.S.C. § 2672. Thus, the substantive law of New York State is applicable since the events underlying this action occurred in Brooklyn, New York. To prevail on a negligence claim in New York State, the plaintiff must establish the following three elements by a preponderance of the evidence: (1) the defendant owed the plaintiff a cognizable duty of care; (2) the defendant breached that duty; and (3) the plaintiff suffered damages that were proximately caused by that breach. *See, e.g., King v. Crossland Savings Bank*, 111 F.3d 251, 259 (2d Cir. 1997); *Hodder v. United States*, 328 F.Supp.2d 338, 341 (E.D.N.Y. 2004) (FTCA); *see also Solomon v. City of New York*, 66 N.Y.2d 1026, 1027, 499 N.Y.S.2d 392 (1985).

It cannot be assumed that each individual who was housed in the MDC West Building during the Period at Issue experienced a breach of a cognizable duty of care or that, if so, he sustained an injury during the Period at Issue and that a breach of that duty was the proximate cause of any such injury. Moreover, Plaintiffs do not even attempt to show how Plaintiffs Scott and Cerda meet each of these required elements. *See generally* Pls. Mem. at 11-13. As the Supreme Court has recognized, the law can be violated in many ways, and dissimilarities within the proposed class can impede the generation of common answers. *Dukes*, 564 U.S. at 350. "What matters to class certification is not the raising of common 'questions' – even in droves – but, rather, the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.*, 564 U.S. at 350 (emphasis in original and citation omitted).

7

In sum, Plaintiffs Scott and Cerda do not satisfy the commonality prerequisite.

### 3. **Typicality**

Typicality requires Plaintiffs Scott and Cerda to establish that their "claims or defenses are typical of the claims or defenses of the class members," and "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar arguments to prove the defendant's liability." *Brown v. Kelly*, 609 F.3d 467, 475 (2d Cir. 2010). Although, as Plaintiffs Scott and Cerda point out, their claims may arise from events that occurred at the MDC during the Period at Issue (*see* Pls. Mem. at 14), their claims are not legally or necessarily factually similar to those of the members of the two proposed classes.

Plaintiffs Scott and Cerda are not similarly situated to any individuals who have not satisfied the FTCA's administrative exhaustion requirement who are included in Proposed Class 1, or to anyone in Proposed Class 2 who did not file or did not timely file an FTCA administrative claim.[9] These differences in the legal claims are fatal to Plaintiffs' typicality argument. Because sovereign immunity has not been waived as to any putative class member who has not timely presented and administratively exhausted his claim, Scott's and Cerda's claims not typical of the potential claims of these individuals, and they cannot maintain this FTCA action on their behalf.

"The United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (internal quotation marks and

---

[9] Although the only claims remaining in this action are claims asserted under the FTCA, Defendants note that Proposed Class 2 is not limited to individuals who have filed or will file any type of administrative claim or otherwise assert a claim concerning the Period at Issue, but would include anyone who was confined in the MDC West Building during the Period at Issue.

8

citations omitted); *see Dep't of the Army v. Blue Fox Inc.*, 525 U.S. 255, 260 (1999) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *see also Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004); *Rodriguez v. Velez-Pagan*, 341 F.Supp.3d 203, 207 (E.D.N.Y 2018), *aff'd*, 788 F. Appx. 67 (2d Cir. 2019). "[W]hen Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied." *Block v. North Dakota ex rel. Board of University and School Lands*, 461 U.S. 273, 287 (1983); *see United States v. Kubrick*, 444 U.S. 111, 117-18 (1979) ("[W]e should not take it upon ourselves to extend the waiver beyond that which Congress intended.").

The FTCA is the exclusive waiver of sovereign immunity authorized by Congress for claims against the United States for allegedly tortious conduct of an employee of the Government acting within the scope of his office or employment.[10] 28 U.S.C. §§ 1346(b)(1), 2671 *et seq. See, e.g. Baptichon v. United States Department of Education*, No. 20-CV-2400 (PKC), 2020 WL 6565126, at *2 (E.D.N.Y. Nov. 9, 2020). The FTCA "allows for a tort suit against the United States under specific circumstances." *Liranzo v. United States*, 690 F.3d 78, 84-85 (2d Cir. 2012). Congress has limited the waiver of sovereign immunity in the FTCA by imposing time limits and requiring administrative exhaustion. *See . In re Agent Orange Product Liability Litigation*, 818 F.2d 194, 196 (2d Cir. 1987); *see also Romulus v. United States*, 983 F. Supp. 336, 338 (E.D.N.Y. 1997). Any action brought under the FTCA must strictly comply with the terms and conditions of this limited waiver. *Cooke v. United States*, 918 F.3d 81, 82 (2d Cir. 2019).

---

[10] The only proper defendant in an FTCA action is the United States. 28 U.S.C. § 2679(b)(1).

As a prerequisite to an action under the FTCA, a claimant must have filed a written claim with the agency within two years after the claim accrued. "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).[11] "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . ."). 28 U.S.C. § 2675(a).

"The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) (affirming dismissal of tort claims where the plaintiff failed to first present his claim to the appropriate agency); *Keene Corp. v. United States*, 700 F.2d 836, 841 (2d Cir. 1983) ("because the FTCA constitutes a waiver of sovereign immunity, the procedures set forth in Section 2675 must be adhered to strictly.").

With respect to the FTCA claims being asserted in this action, any potential claim would have accrued during the Period at Issue and, at the latest, on February 3, 2019. Thus, any person seeking to assert a claim under the FTCA was required to file his administrative

---

[11] The BOP regulations governing the submission of an administrative claim under the FTCA are found at 28 C.F.R. Part 543, Subpart C; *see also* 28 C.F.R. Part 14.

10

tort claim with the BOP on or before February 3, 2021. 28 U.S.C. § 2401(b); *see* 28 U.S.C. § 2675(a). Anyone who did not do so is time-barred from bringing an action under the FTCA. *See* 28 U.S.C. § 2401(b).

Plaintiffs Scott and Cerda maintain that their filing of the amended complaint asserting claims under the FTCA tolled the statute's two-year time limits for all putative class members. Pls. Mem. at 9. Plaintiffs are mistaken. As an initial matter, Scott and Cerda do not have standing to make a tolling argument on behalf of the proposed class members; such an argument does not apply to their claims, and neither of them is representative of the class to which such an argument might apply. "To have standing to sue as a class representative it is essential that a plaintiff must be a part of that class, that is he must possess the same interest and suffer the same injury shared by all members of the class he represents." *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 216 (1974); *see also Cordes & Co. Financial Services, Inc. v. A.G. Edwards & Sons*, 502 F.3d 91, 101 (2d Cir. 2007). Scott and Cerda, who filed administrative tort claims within the two-year period,[12] are not typical of individuals who did not file an administrative tort claim, or who did not timely file administrative claims with the BOP, or those individuals who have not exhausted their administrative claims. Nor are Scott and Cerda typical of individuals who might fall within the "omnibus" administrative claim purported filed by Plaintiffs' counsel, the validity of which is disputed.[13] *See* Pls. Mem. at 9.

---

[12] *See* Dkt. #29 at 95, 133; Pls. Mem. at 5, 6.

[13] Courts have rejected arguments that class-wide administrative claims satisfy the FTCA's specific claim requirements. *See, e.g., Luria v. Civil Aeronautics Board*, 473 F. Supp. 242, 244-46 (S.D.N.Y. 1979).

11

Moreover, while a court may find in a given case that equitable tolling of the two-year period is appropriate based on the individual plaintiff's arguments, that determination must be made on the facts in the record in the individual FTCA action, and "the availability of tolling does not guarantee relief." *Hardie v. United States*, No. 19-CV-43418 (ENV)(RML), 2020 WL 7485015, at *5 (E.D.N.Y. Nov. 17, 2020). Here, the circumstances that might give rise to a tort claim were evident to anyone housed in the MDC West Building during the Period at Issue, and two years was more than ample time to submit an administrative claim. Moreover, upon entry to the MDC, all inmates are provided with a copy of the Inmate Handbook, which specifies how tort claims may be filed.[14] *See Inmate Admission & Orientation Handbook* (Oct. 19, 2017) at 27 (at https:www.bop.gov/locations/institutions/bro/BRO_aohandbook.pdf). Notably, the COVD-19 pandemic related shutdowns to which Plaintiffs allude did not start until more than a year after the MDC power outage in early 2019.

In any event, this is not an individual FTCA action, but a putative class action. "It is well established that neither the district court nor [the Second Circuit] has jurisdiction over a Federal Torts Claims class action where, as here, the administrative prerequisites of suit have not been satisfied by or on behalf of each individual claimant. *In re Agent Orange*, 818 F.2d at 198 (citations omitted). *See also Dalrymple v. United States*, 460 F.3d 1318, 1325 (11th Cir. 2006) ("The FTCA requires that *each* claim and *each* claimant meet the prerequisites for maintaining a suit against the government.") (emphasis in original); *Haceesa v. United States*,

---

[14] The handbook also instructs inmates on how to pursue the administrative remedy process. *Handbook* at 28-29. Unless he exhausts this administrative process, an inmate cannot bring an action with respect to prison conditions. 42 U.S.C. § 1997(e) (Prison Litigation Reform Act). *See also* 28 C.F.R. Part 542, Subpart B (the regulations governing the BOP's administrative remedy program).

12

309 F.3d 722, 734 (10th Cir. 2002) ("If there are multiple claimants in an FTCA case, each claimant must individually satisfy the jurisdictional prerequisites of filing a proper claim.") (internal quotation marks and citation omitted).

The typicality requirement is intended to ensure that a class action will not become mired in the details of a defense applicable only to certain class members. *See Ackerman v. Coca-Cola Co.*, No. 09-CV-0395 (DLI)(RML), 2013 WL 7044866, at *11 (E.D.N.Y. July 18, 2013) (Report and Recommendation). Such a result will occur here if the Court certifies the two proposed classes.

Further, while Scott's and Cerda's claims need not be factually identical to those that would be asserted by all other putative class members, they are not sufficiently similar to those of the putative class members to establish typicality. As discussed above regarding commonality, even if the Court were to determine that the United States owed a particular duty or duties of care, each putative class member would need to establish that the duty was breached with respect to him, whether he suffered any injury, and if so, that the breach of the duty was the proximate cause of the such injury. *See, supra,* at 6-7. It is likely that there will be significant differences in claims concerning the alleged injuries. Individuals who were housed in the MDC West Building were dispersed among six floors and did not experience the same conditions or alleged deprivations

For all of these reasons, Plaintiffs Scott and Cerda cannot satisfy the typicality prerequisite.

### 4. Adequacy of Representation

Determining adequacy of representation entails a two-pronged inquiry as to whether: (1) the plaintiff's interests are antagonistic to the interest of the other members of the class;

13

and (2) the plaintiff's attorneys are qualified, experienced and able to conduct the litigation. *Cordes*, 502 F.3d at 99; *In re Payment Card Interchange Fee and Merchant Discount Litigation*, 330 F.R.D. 11, 31 (E.D.N.Y. 2019). The adequacy inquiry serves to uncover conflicts between the named parties and the class they seek to represent. *See In re Literary Works in Electronic Databases*, 654 F.3d 242, 249 (2d Cir. 2011). Proposed class representative plaintiffs must be able to fairly and competently represent the class. *See Central States Southeast and Southwest Areas Health and Welfare Fund v. Merck-Medco Managed Care, LLC*, 504 F.3d 229, 245 (2d Cir. 2007); *Caridad*, 191 F.3d 291. Here, the first prong is not satisfied. Scott and Cerda are not adequate representatives of either of the two proposed classes.

"To have standing to sue as a class representative it is essential that a plaintiff must be a part of that class, that is he must possess the same interest and suffer the same injury shared by all members of the class he represents." *Schlesinger,* 418 U.S. at 216; *see also Cordes*, 502 F.3d at 101. Plaintiffs Scott and Cerda are not representative of either of their two proposed classes. Scott and Cerda are not representative of any individuals in Proposed Class 1 who did not satisfy the FTCA's administrative exhaustion requirement and against whom the United States will assert defenses that do not apply to them. Nor are Scott and Cerda representative of the individuals in Proposed Class 2 who have not filed or did not timely file an FTCA administrative claim, or any other individual whom that deliberately vague class definition might cover. Scott and Cerda do not have standing to sue on behalf of the any of these people.

As discussed in detail above at 8-11, in relation to the typicality prerequisite, in order to bring an action under the FTCA, which is the exclusive waiver of sovereign immunity authorized by Congress for tort claims against the United States, the plaintiff must have timely

14

submitted a claim to the appropriate agency (*i.e.,* within two years of accrual), and exhausted administrative remedies. 28 U.S.C. §§ 2401(b); *see* 28 U.S.C. § 2675(a). Plaintiffs Scott's and Cerda's satisfaction of these administrative requirements does not extend to any putative class members, each of whom must satisfy these requirements to maintain an FTCA suit. *See In re Agent Orange*, 818 F.2d at 198. Scott and Cerda are not adequate representatives of the interests of these individuals. Their interests do not coincide with those of the putative class members who are subject to unique defenses that do not apply to Scott and Cerda. *See Jensen v. Cablevision Systems Corp.,* 372 F.Supp.3d 95, 125 (E.D.N.Y. 2019) ("the interests of the absent class members do not coincide with Jensen's interests because the vast majority of the potential class is subject to unique defenses which go to the heart of the litigation. Because the Plaintiff cannot adequately represent the interests of those class members who are potentially bound by the arbitration and class action waiver provisions, the Plaintiff is not an adequate representative of the class.").

Plaintiffs Scott and Cerda do not satisfy the fourth perquisite because they are not representative of either of the two proposed classes and do not have standing to assert claims on their behalf.

In conclusion, Plaintiffs Scott and Cerda do not satisfy the commonality, typicality and adequacy of representation prerequisites of Rule 23(a).

## C. **Plaintiffs Do Not Meet the Rule 23(b) Criteria**

Plaintiffs maintain that both Proposed Class 1 and Proposed Class 2 satisfy Rule 23(b)(3). Pls. Mem. at 18-24. That provision requires the Court to find

> that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is

15

superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3). *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 615-16 (1997).

"The predominance requirement of Rule 23(b) tests whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *Myers*, 624 F.3d at 537. *See also Amchem*, 521 U.S. at 623. "[A] court examining predominance must assess (1) the elements of the claims and defenses to be litigated; and (2) whether generalized evidence could be offered to prove those elements on a class-wide basis or whether individualized proof will be needed to establish each class member's entitlement to relief." *Johnson v. Nextel Communications, Inc.*, 780 F.3d 128, 138 (2d Cir. 2015) (internal quotation marks and citation omitted). "Predominance requires a further inquiry, however, into whether the common issues can be profitably tried on a classwide basis, or whether they will be overwhelmed by individual issues." *Id.* The predominance requirement of Rule 23(b) "is even more demanding than Rule 23(a)." *Comcast,* 569 U.S. at 34. The superiority requirement of Rule 23(b)(3) requires a plaintiff to establish that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Here, individualized proof will be necessary on multiple issues. Whether each putative class member was or could have been injured and/or sustained damages as the proximate result of the breach of a duty of care by the United States (assuming such a breach is established)

16

entails an individualized inquiry. Similarly, whether a putative class member who did not timely file an administrative claim or court action might be eligible for equitable tolling requires an individualized proof. Courts have denied class certification under Rule 23(b)(3) where a number of subsidiary issues needed to be resolved. *See, e.g., Scott v. Chipotle Mexican Grill, Inc.,* 954 F.3d 502, 512-14 (2d Cir. 2020) (affirming denial of class certification based on finding that despite common questions of fact, testimony of putative class members was inconsistent and distinguishable); *Johnson*, 780 F.3d at 132, 146-48 (vacating grant of class certification because individual issues will dominate over the common issues identified by the plaintiffs); *Plaintiffs #1-21 v. County of Suffolk*, No. 15-CV-2431, (WFK) (LB), 2021 WL 1255011, at *18 (Mar. 12, 2021) (Report and Recommendation) (adopted 2021 WL 1254408 (Apr. 5, 2021).

      Accordingly, no class should be certified under Rule 23(b)(3).

## **CONCLUSION**

For the foregoing reasons, the motion for class certification and appointment of class counsel should be denied.

| | |
|---|---|
| Dated: Brooklyn, New York<br>April 22, 2021 | MARK J. LESKO<br>Acting United States Attorney<br>Eastern District of New York<br>*Attorney for Defendants*<br>217-A Cadman Plaza East, 7th Flr.<br>Brooklyn, New York 11201 |

By: s/_____
Kathleen A. Mahoney
Sean Greene-Delgado
Shana C. Priore
Paulina Stamatelos
Assistant U.S. Attorneys

kathleen.mahoney@usdoj.gov
(718) 254-6026
sean.greene@usdoj.gov
(718) 254-6484
shana.c.priore@usdoj.gov
(718) 254-6008
Pauline.stamatelos@usdoj.gov
(718) 254-6198

18