
**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 26, 2021

**By ECF**
The Honorable Peggy Kuo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>David Scott, et al. v. Former Warden Herman E. Quay, et al.,
Civil Docket No. 19-CV-1075 (Korman, J.)(Kuo, M.J.)</u>

Dear Judge Kuo:

This Office represents defendants in the above-referenced putative class action brought pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Torts Claims Act, 28 U.S.C. §§ 1346(b)(1), 2401(b), 2671-2680. Plaintiffs, former federal prisoners, assert claims of negligence and constitutional violations stemming from a fire at the Federal Bureau of Prison's (BOP) Metropolitan Detention Center in Brooklyn, New York (MDC) on January 27, 2019, and a resultant partial power outage from January 27 to February 3, 2019.[1]

This letter motion is made pursuant to the terms of the Stipulation and Order for the Protection of Materials and Information (Protective Order), which Judge Gold so-ordered on April 15, 2020. *See* Dkt. No. 62-1. The Protective Order authorized the parties to designate materials produced during the course of discovery as "Confidential – Attorneys' Eyes Only." In June 2020, Defendants applied this designation to the BOP After Action Report captioned "*Partial Electrical and Reported Heating Outage Civil Disturbance*" for the MDC (After Action Report or Report). On April 6, 2021, Plaintiffs challenged this designation and notified Defendants that they sought to file and otherwise make public use of the After Action Report.

Defendants now write, pursuant to Fed. R. Civ. P. 26(c), to respectfully request an Order designating BOP's After-Action Report as "Confidential – Attorneys' Eyes Only," retaining Defendants' designation, and prohibiting Plaintiffs' attorneys from publishing the document or

---

[1] Plaintiffs' *Bivens* claims were dismissed on March 22, 2021. In a Memorandum & Order dated May 25, 2021, Judge Korman granted Plaintiffs' motion for class certification, and certified a class comprising "all those people who were confined in the [MDC's] West Building from January 27, 2019 until February 3, 2019, and who have or will in the future have satisfied the exhaustion requirement imposed by 28 U.S.C. § 2675." Dkt. No. 134.

disclosing it to individuals other than those expressly authorized to view it under the terms of the Protective Order.[2]

### A. Background

In addition to designating the Report as "Confidential – Subject to Protective Order Attorneys' Eyes Only," Defendants redacted some portions of the After Action Report based on the self-critical analysis privilege. *See* Dkt. No. 79 at 7-8; *see also* Dkt. No. 89 (submitting unredacted Report for *in camera* review) & No. 89-1 (Declaration of Richard Hollingsworth ("Hollingsworth Decl.")). In a Memorandum & Order dated November 16, 2020, Dkt. No. 94, Judge Gold concluded that the privilege did not apply to some redactions, upheld the assertion of the privilege as to the entire section entitled "Recommendations," and ordered Defendants to produce a copy of the After Action Report with only the "Recommendations" section redacted to Plaintiffs within one week of any Order denying, in whole or in part, Defendants' pending motion to dismiss. Following the Court's March 22, 2021 Order granting in part and denying in part Defendants' motion to dismiss, on April 5, 2021, Defendants provided a copy of the After Action Report with only the "Recommendations" section redacted to Plaintiffs' counsel. The Report continued to be marked "Confidential – Attorney's Eyes Only."

### B. Plaintiffs Have Not Demonstrated a Need to Publish the Report and Defendants Have a Strong Interest in Retaining the Confidential Designation

As an initial matter, Plaintiffs' counsel has not shown, much less convincingly demonstrated, that they need the "Confidential" designation removed in order to effectively prosecute Plaintiffs' claims. For example, they have not shown—nor could they—that they have a need to show the report to their clients, members of the class, or others. Nor is publication of the Report necessary for Plaintiffs' arguments on summary judgment or at a bench trial. Indeed, Plaintiffs have not even attempted to make a showing of need; rather they have offered mere conclusory statements that maintaining the designation will "stif[le] the flow of open information." Dkt. No. 126 at 5. But a generalized interest in the proceedings on the part of the public does not establish a need to publish a highly-sensitive document, particularly when balanced against Defendants' interest in maintaining its confidentiality, as discussed further below. *See* Fed. R. Civ. P. 26(b)(1) (emphasizing consideration of proportionality and the importance of the information to the resolution of the claims and defenses).

Moreover, Plaintiffs already have at their disposal, and have made repeated use of, the publicly available report of the Department of Justice's Office of Inspector General concerning the period at issue, including in support of their motion for class certification, *see* Dkt. No. 131-1 at 2-4 (citing Office of the Inspector Gen., U.S. Dep't of Justice, *Review and Inspection of Metropolitan Detention Center Brooklyn Facilities Issues and Related Impacts on Inmates* (2019), https://oig.justice.gov/reports/2019/e1904.pdf), as well as in their motion seeking an unredacted version of the After Action Report, *see* Dkt. No. 126 at 3 n.1. Further, as Plaintiffs note, there has

---

[2] Plaintiffs' position regarding Defendants' designation of the Report as "Confidential – Attorneys Eyes Only" is fully set forth in their April 23, 2021 submission. Dkt. No. 126.

been "broad public interest" in the events underlying this lawsuit, and as a result, a vast amount of information already is in the public sphere, including, *e.g.*, congressional testimony by attorneys who visited the MDC during the period at issue regarding the condition of the MDC both before and after the period at issue. *See* Dkt. No. 134 at 2 n.3 (citing *The Federal Bureau of Prisons and Implementation of the First Step Act: Hearing Before the Subcomm. on Crime, Terrorism, and Homeland Sec. of the H. Comm. on the Judiciary*, 116th Cong. (2019) (statement of David E. Patton, Executive Director, Federal Defenders of New York)). Plaintiffs' concern that "all filings that cite or quote" the report "in any detail will . . . require sealing" – even if valid – would be trivial in comparison to the harm BOP reasonably believes will result from mass publication. But Plaintiffs' concern is illusory; at most, only minimal portions of filings quoting the report would require redaction, as demonstrated by Plaintiff's recent reply in further support of its class certification motion. *See* Dkt. No. 133.

In any event, Defendants have shown, with no meaningful rejoinder from Plaintiffs on the merits, that the After Action Report should continue to be marked "Confidential" and "Attorneys' Eyes Only" and should not become a part of the public record. *See* Dkt. No. 126 at 5. The report is a highly sensitive document that the agency generated with an expectation that it would remain confidential, and its release for public consumption would cause harm to the BOP's operations. As Correctional Services Administrator Hollingsworth attested in his declaration, After Action Reports are used by the BOP to investigate and analyze significant incidents at institutions in order to identify areas of concern, assess vulnerabilities, and optimize agency performance. Dkt. No. 89-1, ¶ 3. Review teams provide candid and unvarnished impressions, perceptions and recommendations in these reports with the understanding that the content of the report is confidential, that the report will remain confidential, and that it is not for public consumption. *Id.* The non-factual portions of the reports comprising the review teams' assessment, recommendations and conclusions are particularly sensitive. *Id.*

Plaintiffs' reliance on Judge Gold's observation that "it is far from clear that disclosure of the unredacted Report would inhibit the [BOP] from undertaking forthright reviews," Dkt. No. 126 at 4-5, as a basis for removing the "Confidential" designation is misplaced. Judge Gold made that observation in support of his determination that Plaintiffs' counsel should be allowed to *discover* some of the redacted portions of the document, not that they should be allowed to turn around and disseminate the Report to those not covered by the Protective Order, much less to the entire world. Indeed, even while allowing Plaintiffs' counsel access to portions of the Report, Judge Gold allowed other redactions to remain, noting Defendants' interest in avoiding a "chill [on] reviewers [making] bold, substantial changes even when warranted." Dkt. No. 94 at 4. *See also* Fed R. Evid. 407 (generally precluding trial admissibility of subsequent remedial measures). Plaintiffs have made no showing that these considerations should be ignored, or Defendants' confidentiality rights compromised.

It should not escape the Court's notice that when Plaintiffs' counsel sought an unredacted version of the Report, they argued that "[p]roducing an unredacted version of the report would not curtail any flow of information, particularly where, as here, there is a robust protective order in place." Dkt. No. 79 at 6. Undaunted by concerns of consistency, Plaintiffs now seek to abrogate the very protection under the Protective Order that they argued supported disclosure in the first place. Plaintiffs' contention that they "had no way of meaningfully arguing that the . . . Report

3

should not be [marked confidential]" before certain redactions were removed on April 5, 2021, and that, until then, "it was impossible to judge whether and to what extent the document should be in the public record," Dkt. No. 126 at 5, is spurious. At all times, Plaintiffs knew what the document was and what it pertained to; indeed, Defendants initially produced the Report to Plaintiffs' counsel one year ago, with no redactions at all to the first 16 pages of the 30-page report.

Accordingly, as set forth above and in the Government's prior submissions, because the BOP's interests and concerns about having the After Action Report become part of the public record persist, and Plaintiffs have established no legitimate litigation need to publish the document, the Court should uphold the Government's "Confidential" designation.

We thank the Court for its consideration of this matter.

Respectfully submitted,

MARK J. LESKO
Acting United States Attorney

By: /s/
Sean P. Greene-Delgado
Kathleen A. Mahoney
Shana C. Priore
Paulina A. Stamatelos
Assistant U.S. Attorneys
(718) 254-6026/6484/6008/6198
kathleen.mahoney@usdoj.gov
sean.greene@usdoj.gov
shana.c.priore@usdoj.gov
paulina.stamatelos@usdoj.gov

cc: Counsel of Record (ECF)