June 11, 2021

**By ECF**

Hon. Peggy Kuo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Scott et al. v. Quay et al.,* 19-cv-01075 (ERK) (PK)

Dear Judge Kuo:

  Emery Celli Brinckerhoff Abady & Maazel LLP, the Benjamin N. Cardozo School of Law Civil Rights Clinic, and Alexander A. Reinert represent the Plaintiffs and serve as class counsel in this class action. The United States Attorney's Office for the Eastern District of New York represents the Defendant in this matter. This joint letter is submitted in accordance with Your Honor's individual rules to resolve a discovery dispute between the parties as to the production of remaining ESI discovery.

  **Plaintiffs' Position:**

  Plaintiffs respectfully request that the Court order a date certain for Defendant to produce outstanding electronically stored information ("ESI") discovery. The parties have conferred about this issue but continue to disagree as to the schedule for production of outstanding ESI.[1]

  On April 23, 2021, the parties jointly proposed dates for the completion of discovery, including June 30, 2021 as the deadline for the completion of non-ESI document discovery. ECF No. 126. Plaintiffs also proposed June 30, 2021 as the deadline for completing ESI discovery and Defendant disagreed. Judge Korman so-ordered the parties' proposed dates for the completion of all discovery, which is October 31, 2021. April 26 Order. However, there is currently no deadline set for the completion of ESI discovery.

  On May 5, 2021, Defendant wrote to Plaintiffs proposing August 31, 2021 as the deadline to complete production of outstanding ESI discovery. Defendant also wrote that, if Plaintiffs would be willing to limit the date ranges or custodians for outstanding ESI discovery, production of ESI could be completed by August 16, 2021. Plaintiffs responded on May 13 agreeing to limit date ranges for certain custodians and exclude other custodians from the search process at this time to facilitate the expeditious production of ESI. Plaintiffs reiterated their position that ESI production should be complete by June 30, 2021 (which was at that time still six weeks in the future) and suggested that the parties write to the court jointly to ask for a resolution to the parties'

---

[1] Plaintiffs disagree with Defendant's characterization of the outstanding ESI production. As Judge Gold noted at multiple conferences, the Court and parties have contemplated since at least November 2019 that the scope of discovery (including ESI) would expand after Defendant's motion to dismiss was resolved. *See* ECF Nos. 41 (Nov. 26, 2019 Conference), 55 (March. 9, 2020 Conference).

Page 2

disagreement. Defendant did not respond. The parties could not resolve the issue at a June 4, 2021 telephonic meet-and-confer.

This litigation has been pending for over two years, and the Court has explicitly directed the parties to "move discovery forward." April 2 Order, ECF No. 123. The production of remaining ESI discovery has been an outstanding issue since at least March 2021. *See* Letter with Joint Status Update, ECF No. 119. According to the court-ordered discovery schedule in this case, depositions are to be completed by October 31, 2021, and affirmative expert reports are due on November 30, 2021. Plaintiffs have already begun to notice depositions with proposed dates of June 15 and 20. Delaying the production of outstanding ESI discovery to August may impact Plaintiffs' ability to timely prepare for, notice, and conduct additional depositions. ESI discovery should be completed by June 30, 2021, together with non-ESI document discovery.

Plaintiffs respectfully request that the Court order Defendant United States to produce outstanding ESI discovery by June 30, 2021, to assist the parties in meeting the Court's ordered discovery schedule for this case.

### **Defendant United States' Position:**

Defendant United States respectfully submits that the Court should reject Plaintiffs' demand for Defendant to provide this "outstanding ESI" by Plaintiffs' burdensome, arbitrary deadline. That Plaintiffs are simply unwilling to negotiate a reasonable deadline, which would still allow the parties to complete remaining discovery by the Court's deadlines – ones that were entered into on consent of all parties – makes their request for an order even more unwarranted.

As an initial matter, what Plaintiffs characterize as an "outstanding" ESI production is actually Plaintiffs' demand for a second ESI production. After months of discussion, and numerous Court conferences, the Federal Bureau of Prisons (BOP) searched the e-mail accounts of 23 BOP custodians, using search terms that had been heavily negotiated and ultimately litigated. Over Defendants' partial objection, the BOP was ordered to produce relevant ESI from the universe of over 10,000 documents (after deduplication and threading) based mostly on the terms desired by Plaintiffs.  *See* ECF Docket Nos. 102, 111, 112.

Apparently unsatisfied with the results of the massive ESI production in accordance with Judge Gold's rulings, Plaintiffs suggested as the production was nearing its April 20 completion that it was "incomplete" because it did not include various additional e-mail boxes, nor include text messages and call logs.[2] Contrary to Plaintiffs' assertion, the production was indeed complete. All of the responsive, non-privileged ESI that Judge Gold ordered be produced was provided to Plaintiffs. Plaintiffs' new ESI demand is outside the scope of the ESI search that was negotiated and/or ordered by the Court. *See* ECF Docket No. 112. Despite the volume of information already

---

[2] In support of this argument, Plaintiffs cited to the parties' agreement regarding the specification and format for production of ESI, noting it defines ESI for the purpose of that agreement as including text messages and call logs. ECF Docket No. 119, p. 3. Their reliance on this language is misplaced.  The quoted language comes from a section of the agreement defining the kinds of items that, if produced, will be subject to the specifications in the ESI agreement. It is completely inapposite to the Court-ordered scope of the first ESI search, which specified a search *only* of e-mail messages contained in the mailboxes of certain custodians.  *See* ECF Docket Nos. 111, 112.

Page 3

produced and available to Plaintiffs, as stated in the joint letter to Your Honor dated March 24, 2021 (ECF Docket No. 119, pp. 3-4), Defendant agreed to search the additional e-mail boxes and search for responsive text messages from certain custodians and make a second ESI production in order to avoid further litigation over ESI issues.

The instant dispute is limited to the *timing* of this second ESI production. After agreeing to undertake the second ESI production, Defendant immediately worked to determine the volume of materials involved. Despite Plaintiffs' suggestion otherwise, Defendant continues to update Plaintiffs on this effort. However, given the complexities of ESI searches, Defendant is still ascertaining the size of the universe of responsive information. Based on what Defendant already knows of the scope of the production, it simply cannot make this latest ESI production before August. Defendant knows this based on the experience with the searches and subsequent review involved in the prior ESI production.

Plaintiffs offer no reason that the August 30 date proposed by Defendant is unreasonable, or that their June 30 deadline is necessary, other than that this litigation has been pending for some time and that the Defendant's proposed production deadline will somehow cause delay in discovery.[3] These purported reasons do not justify the proposed deadline.

Defendant does not dispute that discovery must move forward expeditiously. However, allowing the bare minimum amount of time needed to reasonably respond to Plaintiffs' new ESI discovery demand will not unduly delay this matter. While it is true that this litigation has been pending for some time, omitted from Plaintiffs' letter is that Defendant has been working diligently throughout that period, with both ongoing discovery production and motion practice. Defendant has responded to Plaintiffs' complex and burdensome discovery demands as quickly as it is able to do so, while simultaneously engaged in motion practice on a variety of issues, ranging from class certification to protecting the confidentiality of highly sensitive documents. Over the past year, Defendant produced a large volume of documents, in addition to the ESI production. During the same period, Defendant received no discovery from Plaintiffs. This Office has assigned five AUSAs to the defense of this matter, including two recently added, in order to expedite ESI review and production of discovery, and BOP is maximizing its resources in responding to Plaintiffs' demands.

Producing the newly demanded discovery in August will not prevent the parties from completing depositions by the agreed upon deadline of October 31. And while Plaintiffs have requested two depositions occur in June, Defendant has already advised Plaintiffs that those witnesses can readily be produced in August, September, or October. Put simply, a reasonable deadline for the new ESI production will not unduly delay discovery, nor is prejudicial to Plaintiffs.

---

[3] Notably, in late 2020, Judge Gold rejected Plaintiffs' nearly identical arguments when considering the timing of the first ESI production. Then, as now, Plaintiffs attempted to prejudice Defendant with a near-impossible Court-ordered deadline – namely that they should make a production that ultimately required over four months to complete in a mere six weeks. ECF Docket No. 102 (maintaining that Defendants should commence production on December 21 and complete it by February 15, 2021). Further, during the parties meet and confer regarding that deadline, Plaintiffs' counsel suggested to the assigned AUSAs that it was "reasonable" for each of them to spend multiple days per week for months devoted exclusively to document review in this case, something that is simply not possible given an AUSA's workload. Then, as now, Plaintiffs' arbitrary deadline was unduly burdensome. It was rightfully rejected by the Court. *See* ECF Docket Nos. 102, 111, 112.

Page 4

On the other hand, ordering Defendant to complete the new ESI production in a near-impossibly short period of time will significantly prejudice Defendant in exchange for discovery that may yield little additional relevant information beyond what Plaintiffs have already adduced through their extensive demands and Defendant's voluminous productions.

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiffs' request to adopt Plaintiffs' burdensome June 30 deadline to respond to Plaintiffs' May 16 ESI demand and, instead, permit Defendant until August 30 to respond to Plaintiffs' May 16 ESI demand.

*\*\*\**

We appreciate the Court's consideration of this matter.

Respectfully submitted,

| | |
|---|---|
| Scout Katovich | Seth D. Eichenholtz |
| Katherine Rosenfeld | Sean P. Greene-Delgado |
| O. Andrew F. Wilson | Kathleen Mahoney |
| Sonya Levitova, *Legal Fellow* | Shana C. Priore |
| *Emery Celli Brinckerhoff Abady Ward & Maazel LLP* | Paulina A. Stamatelos |
| | *United States Attorney's Office* |

Betsy Ginsberg
*Civil Rights Clinic, Benjamin N. Cardozo School of Law*

Alexander A. Reinert

cc:    All Counsel of Record (via ECF)