# ABRAMS <small>AF</small> FENSTERMAN

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP

Attorneys at Law
3 Dakota Drive, Suite 300
Lake Success, New York 11042
Telephone: (516) 328-2300
Fax: (516) 328-6638
www.abramslaw.com

**Amy B. Marion, Esq.**
**Partner**
amarion@abramslaw.com

July 14, 2021

*Via ECF*
Magistrate Peggy Kuo
United States District Court Magistrate
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

          Re:    *Jamell O'Neal, et al. v. Unites States of America, et al.*
                     19-CV-05039 (MKB)(PK)

                  Related Action
                  *Scott, et al. v. Quay, etl al.,* 19-CV-01075 (ERK)(PK)

Your Honor:

      This firm is counsel to the *O'Neal* plaintiffs. We submit this joint letter on behalf of all parties pursuant to Your Honor's July 1, 2021 Minute Entry directing the parties to confer and to then inform the Court of the parties respective positions if there is no agreement as to the *O'Neal* plaintiffs' request to stay their action.

      The *Scott* plaintiffs have informed the undersigned that they take no position on this issue.

      It is the *O'Neal* plaintiffs' position that in light of Judge Korman's Certification Order and the consolidation of the *O'Neal* action into the *Scott* action, the *O'Neal* action should be stayed until such time as the class action is resolved, or Plaintiffs opt out of the class. This approach promotes efficiency by eliminating unnecessary discovery in favor of the class process, and is superior to the approach suggested by the government—that Plaintiffs dismiss the *O'Neal* case without prejudice—for a number of reasons.

Staying discovery in the *O'Neal* action comports with the provisions of Fed. R. Civ. P. Rule 23 which the Court considered when determining that class certification was warranted. Specifically relevant here, the Court has already determined that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *See* Fed. R. Civ. P. Rule 23(b)(2)(B)(3). As Rule 23 dictates, "[t]he matters pertinent to these findings include: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; [and] (B) the extent and nature of any litigation concerning the controversy already begun by or against class members . . . ." Staying the *O'Neal* action is consistent with the interests the Court considered in granting class certification and serves to ensure that the interests of the class are not impaired nor impeded.

Moreover, the government's suggested approach does not resolve their stated concern about what might happen with respect to individual discovery if the *O'Neal* Plaintiffs were to opt out of the class. Even if the *O'Neal* Plaintiffs dismissed their claims without prejudice, there is a possibility that they could later opt out of the class and seek to pursue their individual claims. Thus, the logistical concerns about individual discovery and trial scheduling and management would continue to exist even under the government's preferred course. The requested stay therefore would not impose any undue hardship on the government.

Conversely, there is a risk that Plaintiffs could be unduly prejudiced by dismissing the *O'Neal* action (even though the dismissal would be without prejudice). While the *O'Neal* Plaintiffs have filed timely claims and could potentially pursue them in the future if they were to opt out of the class, that would not be the case if they were left in a position where they would be forced to re-file their claims since opt-out plaintiffs are not permitted to resurrect "claims arising from factual predicates identical to those asserted in a prior class action from which they opted out." *Wai Hoe Liew v. Cohen & Slamowitz, LLP*, 265 F. Supp. 3d 260, 275–76 (E.D.N.Y. 2017), *as revised* (June 16, 2017) (citations omitted).

In light of the foregoing, the proposed stay is the course that best promotes equity and efficiency.

Defendant United States of America objects to the *O'Neal* plaintiffs' request for a stay.

On April 2, 2021, the Court consolidated the *Scott* and *O'Neal* cases for purposes of discovery. Accordingly, discovery in both cases should proceed, as consolidated, on parallel schedules to promote the interests of judicial economy and to avoid unnecessary costs and delays in either case. *See* Fed. R. Civ. P. 42(a); *see also Cole v. Schenley Industries, Inc.*, 563 F.2d 35, 38 (2d Cir. 1977) (noting that consolidation is appropriate when two or more actions pending before a Court involve a common question of law or fact and that the purpose of consolidation is to promote judicial economy).

Because these matters are proceeding on a consolidated schedule, a stay is not justified by the fact that the *O'Neal* plaintiffs may choose later in this litigation whether to opt out of the class in *Scott*. If the *O'Neal* plaintiffs wish to maintain their action in the event they should ultimately choose to opt out of the *Scott* class, they need to prosecute the action, comply with discovery deadlines and respond to the discovery requests that the United States propounded on them on

April 26, 2021. Requiring the *O'Neal* plaintiffs to prosecute their case is by its nature not prejudicial in any way to plaintiffs. On the other hand, defendants in this matter, as well as all parties in the *Scott* matter, would be disadvantaged by a stay in *O'Neal* that would put off discovery of issues unique to *O'Neal* far later in the litigation when the issues in *Scott* are ripe for adjudication. Under that scenario, the discovery in *O'Neal* will either force an entirely separate, later adjudication of that case, or delay the adjudication of all of the consolidated cases. Such a result would defeat the entire purpose of the consolidation of these cases, with the intent that they proceed along the same schedule.

                                                                                  Respectfully,

                                                                                  Amy Marion

cc:      *Via ECF*
           all counsel of record