# Emery Celli Brinckerhoff Abady Ward & Maazel LLP

Richard D. Emery
Andrew G. Celli, Jr.
Matthew D. Brinckerhoff
Jonathan S. Abady
Earl S. Ward
Ilann M. Maazel
Hal R. Lieberman
Daniel J. Kornstein
O. Andrew F. Wilson
Katherine Rosenfeld
Debra L. Greenberger
Zoe Salzman
Sam Shapiro

Attorneys At Law
600 Fifth Avenue at Rockefeller Center
10th Floor
New York, New York  10020

Tel: (212) 763-5000
Fax: (212) 763-5001
www.ecbawm.com

Diane L. Houk

Emma L. Freeman
David Berman
Harvey Prager
Scout Katovich
Marissa Benavides
Nick Bourland
Andrew K. Jondahl
Ananda Burra
Max Selver
Vivake Prasad
Noel R. León
Nairuby L. Beckles
Francesca Cocuzza

October 5, 2021

**By ECF**

The Honorable Edward R. Korman
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Scott et al. v. Quay et al.*, 19-cv-01075 (ERK) (PK)

Dear Judge Korman:

      We are Class Counsel for the Plaintiffs in the above-referenced action. We write pursuant to Fed. R. Civ. P. 23(c)(1)(C) and Fed. R. Civ. P. 23(d)[1] seeking an Order resolving the scope of the class definition, a question the Court reserved for future decision that is now ripe for the Court's decision.  In particular, Plaintiffs respectfully request that the Court enter an Order confirming that *American Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974) (*American Pipe*) tolling applies to administrative claims filed by putative class members in this action, thereby tolling the statute of limitations for class members who have not yet exhausted their administrative remedies.  This issue arises with particular urgency because the parties have a scheduled JAMS mediation with retired Magistrate Judge Katz on November 2, 2021, and the scope of the class will help to inform the settlement discussions.  Even if the issue cannot be resolved before then, it must eventually be addressed so that Class Counsel can manage the class moving forward and determine proper notice procedures, among other matters.  Defendant does not consent to this request.

---

[1] After a district court enters an order certifying a class, Rule 23(c)(1)(C) gives it "broad discretion" to reassess the class definition and Rule 23(d) "authorizes it to make appropriate procedural orders to facilitate the fair and efficient conduct of the action." *See Boucher v. Syracuse Univ.*, 164 F.3d 113, 118-19 (2d Cir. 1999) (addressing Rule 23(c)(1)(C)); *County of Suffolk v. Long Island Lighting Co.*, 907 F.2d 1295, 1304 (2d Cir. 1990) (construing Rule 23(d) liberally).

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 2

As Your Honor may recall, this case concerns the conditions experienced by more than 1600 men who were housed at the Metropolitan Detention Center ("MDC") in Brooklyn, New York, during the winter of 2019. For a week between January 27 and February 3, 2019, the MDC suffered a power outage and Plaintiffs allege that the resulting conditions crisis causes significant harm and distress to the people housed there, and seek damages for themselves and the class pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. ("FTCA"). On May 25, 2021, this Court granted Plaintiffs' motion for class certification and certified a class of "all those people who were confined in the Metropolitan Detention Center's West Building from January 27, 2019 until February 3, 2019, and who have or will in the future have satisfied the exhaustion requirement imposed by 28 U.S.C. § 2675." ECF No. 134, at 27. In that Order, the Court reserved the question of whether equitable tolling under *American Pipe* (or other tolling) would apply to permit claimants who had not yet exhausted their administrative remedies to join the class by exhausting in the future. *Id.* at 18.

Plaintiffs write today because the issue of the application of *American Pipe* tolling is now ripe for the Court's review. On May 21, 2021, Class Counsel submitted five SF-95 claim forms (which would normally be sufficient to satisfy the FTCA's exhaustion requirement) on behalf of putative class members. On May 27, 2021, the Government refused to permit these claimants to file their claims because they were filed more than two years after the power outage and, according to the Government, are therefore untimely. Absent tolling, the FTCA requires that claimants file administrative claims within two years of accrual of a claim. 28 U.S.C. § 2401(b). Plaintiffs raised the issue of *American Pipe* tolling in their motion for class certification. *See* ECF No. 131-1, at 9; ECF No. 133, at 5-8. As noted above, Your Honor granted that motion but reserved the question of the application of *American Pipe* to administrative claims. ECF No. 134, at 18. The issue is now ripe for decision because of the Government's recent refusal to accept SF-95 claims filed by putative class members. As such, Plaintiffs bring this matter to the Court's attention so that the parties can move forward with an understanding of who is encompassed within the class – only the 1,000 or so claimants who filed SF-95 forms within two years of the power outage, or additional claimants who are entitled to *American Pipe* tolling and who file administrative claims during the pendency of this action?

By way of reminder, in *American Pipe*, the State of Utah commenced a putative class action against a number of defendants under the Sherman Act, purporting to sue on behalf of various state and local agencies and other Western States. After class certification was denied, the absent class members filed suit. The Supreme Court held that Utah's filing of the putative class action tolled the statute of limitations for absent class members until class certification was denied, rendering the absent class members' individual claims timely. 414 U.S. at 552-53. *American Pipe* class tolling applies to the FTCA context based on a straightforward application of the Court's logic and controlling Supreme Court decisions. Numerous lower courts have applied *American Pipe* in similar settings. Collectively, these decisions establish the following:

First, it is undisputed that equitable tolling applies to the time bars found in the FTCA. *United States v. Kwai Fun Wong*, 575 U.S. 402, 410 (2015) ("Neither the text [of Section 2401(b)] nor the context nor the legislative history indicates (much less does so plainly) that Congress meant to enact something other than a standard time bar."). In *Kwai Fun Wong*, the

Court clearly stated, and the United States agreed, that this holding applies to both the two-year period for filing administrative claims and the six-month period for filing suit in federal court. *See id.* at 407 n.1 ("[E]veryone agrees that the core arguments for and against equitable tolling apply equally to both of § 2401(b)'s deadlines. *See, e.g.*, Brief for United States in [*United States v.*] *June* 15 ('Nothing in the text or relevant legislative history . . . suggests that the respective time bars should be interpreted differently with respect to whether they are jurisdictional or subject to equitable tolling').").

Second, *American Pipe* tolling is equitable in nature. It is "designed to modify a statutory time bar where its rigid application would create injustice." *Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042, 2052 (2017). *American Pipe* class tolling is thus considered to be equitable in nature, even though the case did not analyze some of the traditional considerations associated with equitable tolling.[2] *Id.* ("It did not analyze, for example, whether the plaintiffs pursued their rights with special care; whether some extraordinary circumstance prevented them from intervening earlier; or whether the defendant engaged in misconduct."). The purpose of *American Pipe* tolling is to allow class representatives who have met a statute of limitations to protect the rights of class members who have not. *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 352-53 (1983) ("The Court noted in *American Pipe* that a tolling rule for class actions is not inconsistent with the purposes served by statutes of limitations. . . . Rule 23 both permits and encourages class members to rely on the named plaintiffs to press their claims.") (internal citation omitted). Courts thus apply *American Pipe* tolling without considering any circumstances specific to the plaintiff class.

Third, although *American Pipe* originally involved a traditional limitations period for filing suit in court, it has been routinely applied to toll the time period for filing administrative claims. The Supreme Court already has held that named plaintiffs in Title VII actions may represent unnamed class members who have not filed administrative claims with the EEOC. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393-97 (1982). Notably, the Supreme Court has long analogized Title VII's administrative filing requirements with the FTCA's. *See Kwai Fun Wong*, 575 U.S. at 417; *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 95-96 & n.2 (1990).

Taking their cue from the Supreme Court, many lower courts also have applied *American Pipe* tolling in the administrative claims context, including where claims were brought against the United States. *See, e.g.*, *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1392 (11th Cir.1998) (tolling the EEOC charge-filing period during the pendency of plaintiffs' participation in ADEA collective actions); *Griffin v. Singletary*, 17 F.3d 356, 360-61 (11th Cir. 1994) (in Title VII action, concluding that no case supported the argument that "tolling should not apply because the limitations period at issue in this case is an administrative rather than a statutory period."); *Andrews v. Orr*, 851 F.2d 146, 150 (6th Cir. 1988), *abrogated on other grounds*, *Holland v. Florida*, 560 U.S. 631 (2010) (in Title VII claim against Air Force Secretary, "[s]o long as a class action is pending the employer[ ] is on notice of the claims of all putative class members."); *McDonald v. Sec'y of Health & Human Serv.*, 834 F.2d 1085, 1092 (1st Cir. 1987)

---

[2] Individual putative class members may have other equitable tolling arguments to make but these need not be addressed now given that *American Pipe* applies to all putative class members.

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 4

(holding that the principles of *American Pipe* tolling are "generally applicable" to administrative limitations periods in claims brought against the federal government under the Social Security Act, so that after a class action was decertified on appeal, the class members could "go forward from the point where they had left off during pendency of the class action" and exhaust their administrative remedies); *Williams v. Owens–Illinois, Inc.*, 665 F.2d 918, 923 (9th Cir. 1982) ("In a class action, a class representative's EEOC complaint tolls the statute of limitations for all class members."); *Howard v. Gutierrez*, 571 F. Supp. 2d 145, 155 (D.D.C. 2008) (applying *American Pipe* tolling to filing of administrative complaints in EEOC context, in which United States was defendant); *Sharpe v. Am. Exp. Co.*, 689 F. Supp. 294, 300-01 (S.D.N.Y. 1988) (tolling time for filing administrative claim in Title VII case). As the Eleventh Circuit noted, applying tolling to the time period for filing administrative complaints "will discourage putative class members from needlessly multiplying actions without prejudicing defendants" because they already have notice of the pendency of class claims. *Griffin*, 17 F.3d at 361.

Indeed, the United States took this very position in *Howard v Gutierrez*, plainly stating that *American Pipe's* "rule applies with equal force with respect to the filing of administrative class action complaints" and that "*American Pipe* tolling for administrative complaints should be governed by the same rules as *American Pipe* tolling for civil class actions." *See* Defendant's Motion to Dismiss the Second Amended Complaint, or, in the Alternative, for Summary Judgment, *Howard v. Gutierrez*, No. 1:05-1968, ECF No. 75, at 24 (D.D.C. Feb. 21, 2008).

Fourth, the Supreme Court cited *American Pipe* on several occasions in *Kwai Fun Wong*, *supra*, where the Court found that the FTCA was subject to equitable tolling. Those citations reflect the assumption that *American Pipe* tolling is available to toll both the two-year and six-month statutes of limitations found in the FTCA. *See* 575 U.S. at 414 (comparing the FTCA's language to the Clayton Act's statute of limitation, concluding that both permit federal courts to "extend a limitations period when circumstances warrant," and citing *American Pipe*). The Court also discussed in detail its treatment of the time limits in Title VII as subject to tolling, confirming the Court's view that Title VII and the FTCA stand on similar footing with respect to this question. *Id.* at 415-17; *see also id.* at 417 ("[The FTCA's time bar] is materially indistinguishable from the language in one nonjurisdictional time bar (*i.e.*, § 2000e–16(c)). See *Irwin,* 498 U.S., at 95 . . . . And it is identical to the language in another (*i.e.*, 15 U.S.C. § 15b). See *American Pipe,* 414 U.S., at 559.").

Importantly, *Kwai Fun Wong* rejected the argument that, by virtue of sovereign immunity, "*every* limitations statute applying to suits against the United States, however framed or worded, cut off a court's jurisdiction over untimely claims." *Id.* at 415-17 (emphasis in original). The Court explained that *Irwin* "forecloses that argument" because it made clear that allowing equitable tolling did not broaden the waiver of sovereign immunity. *Id.* at 418. Rather, the Court observed, the FTCA makes the United States liable in tort as if it were a private person, which "means (among other things) permitting equitable tolling." *Id.* at 420 ("So in stressing the Government's equivalence to a private party, the FTCA goes further than the typical statute waiving sovereign immunity to indicate that its time bar allows a court to hear late claims."). And it goes without saying that *American Pipe* tolling applies to a private party.

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 5

  To sum up: (1) The Supreme Court has held that the FTCA's two-year statute of limitations for filing administrative claims is subject to equitable tolling; (2) *American Pipe* is one kind of equitable tolling that enables absent class members to refrain from filing individual claims during the pendency of a putative or certified class action; and (3) this is a certified class action in which the named plaintiffs filed their administrative claim and their FTCA class action within two years of the power outage. Under *American Pipe*, *Kwai Fun Wong*, and the other authorities cited above, this tolled the time for putative class members to file an administrative claim until, at the very least, the class is decertified. And although it is not required to trigger *American Pipe* tolling, Class Counsel also filed an omnibus administrative claim identifying for the United States all identifiable absent class members who had not yet filed an individual administrative claim (approximately 500 individuals), thereby putting the Government on notice of our intent to seek relief on behalf of absent class members who were not able to file administrative claims within two years of the power outage.

  Defendant's position is that it is "premature, arbitrary, and unnecessary to have the judge rule on this issue at this point." Class Counsel do not agree, given that there currently are at least five putative class members (and likely will be more, given that Class Counsel recently filed additional SF-95s relating to the power outage) who have been barred from filing their SF-95s because of the Government's erroneous understanding of the availability of *American Pipe* tolling in this action.

  For the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order confirming that *American Pipe* tolling applies to administrative claims filed by putative class members in this action, thereby tolling the statute of limitations for class members who have not yet exhausted their administrative remedies. We thank the Court for Your Honor's time and attention to this matter.

              Sincerely,

               /s/
              Katherine Rosenfeld
              O. Andrew F. Wilson
              Scout Katovich
              Francesca Cocuzza

              Betsy Ginsberg
              Meghan Kacsmar, *Legal Intern*
              Juliana D'Alleva, *Legal Intern*
              *Civil Rights Clinic, Benjamin N. Cardozo*
              *School of Law*

              Alexander A. Reinert

Cc: All Counsel of Record (via ECF)