# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

JONATHAN S. ABADY
MATTHEW D. BRINCKERHOFF
ANDREW G. CELLI, JR.
RICHARD D. EMERY
DEBRA L. GREENBERGER
DIANE L. HOUK
DANIEL J. KORNSTEIN
JULIA P. KUAN
HAL R. LIEBERMAN
ILANN M. MAAZEL
KATHERINE ROSENFELD
ZOE SALZMAN
SAM SHAPIRO
EARL S. WARD
O. ANDREW F. WILSON

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK  10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

VASUDHA TALLA

ERIC ABRAMS
DAVID BERMAN
NICK BOURLAND
DANIEL M. EISENBERG
SARA LUZ ESTELA
ANDREW K. JONDAHL
SARAH MAC DOUGALL
SANA MAYAT
HARVEY PRAGER
VIVAKE PRASAD
MAX SELVER
EMILY K. WANGER

August 18, 2023

**By ECF**

Hon. Peggy Kuo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Scott et al. v. United States of America*, 19-cv-01075 (ERK) (PK)

Dear Judge Kuo:

  We are counsel to Plaintiffs in the above captioned matter and write on behalf of all parties to request the Court stay this case for 8 months to permit the parties to implement the terms of a proposed settlement framework that the parties memorialized on August 17, 2023 (the "Proposed Settlement"), as set forth in the Proposed Settlement Framework attached hereto as Exhibit A.

  **I.** **Procedural Background**

  Plaintiffs David Scott and Jeremy Cerda filed this case on February 22, 2019 individually and on behalf of approximately 1,600 individuals who were incarcerated in the Metropolitan Detention Center ("MDC") in Brooklyn, New York from January 27, 2019 until February 3, 2019 when the MDC experienced a power outage. ECF No. 1. The operative Complaint alleges a claim for negligence under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 et seq., against the United States of America (the "Government").

  After Rule 12(b)(6) motion practice, Plaintiffs' *Bivens* claims were dismissed and Plaintiffs' FTCA claim proceeded to discovery. ECF No. 95, ECF Entry dated Mar. 22, 2021. On May 25, 2021, this Court granted Plaintiffs' motion to certify a class of "all those people who were confined in the Metropolitan Detention Center's West Building from January 27, 2019 until February 3, 2019, and who have or will in the future have satisfied the exhaustion requirement

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 2

imposed by 28 U.S.C. § 2675." ECF No. 134, at 27. The parties then conducted document discovery and depositions for the next two years.

After substantial discovery was completed, the parties agreed to make efforts to mediate the case with the assistance of former Magistrate Judge Steven M. Gold. On August 19, 2022, the Court granted the parties an extension of time to complete discovery while they engaged in settlement discussions. ECF No. 197, ECF Entry dated Aug. 19, 2022. Several other subsequent extension requests were made and granted while the parties continued negotiations and private mediation with Judge Gold. *See* ECF Entries dated Oct. 17, 2022, Jan. 17, 2023, Feb. 21, 2023, Mar. 21, 2023, Apr. 19, 2023, May 18, 2023, June 13, 2023, and July 21, 2023.

**II.      Settlement Framework**

The parties have now reached agreement on a proposed settlement framework, the complete terms of which are set forth in Exhibit A.

The Proposed Settlement involves the payment of a negotiated settlement amount by the Government to each of the nearly 1600 individuals who were incarcerated in the MDC during the 2019 power outage, in exchange for a release of their claims. Under the Proposed Settlement, Plaintiffs (or "Claimants") will be offered a settlement payment as follows:

(1) 945 Claimants who submitted valid, timely administrative claims to the Bureau of Prisons will be offered $8,750, inclusive of attorney's fees of 20% and costs, to resolve their claims. *See* Ex. A, Tab A.[1]
(2) 69 Claimants listed who submitted valid, timely administrative claims and claim medical conditions that went untreated during the power outage resulting in injury will be offered $17,500, inclusive of attorney's fees of 20% and costs, to resolve their claims. *See* Ex. A, Tab B.
(3) 554 Claimants who submitted claims after February 3, 2021, or whose administrative claims were denied more than six months before the amended class complaint was filed on November 15, 2019, will be offered $2,500, inclusive of attorney's fees of 20% and costs, to resolve their claims. *See* Ex. A, Tab C.

In addition, Named Plaintiffs Scott and Cerda will be offered $18,750, inclusive of attorney's fees and costs not to exceed $1,750, to resolve their claims.[2]

Out of the settlement amounts each Claimant will be offered under this framework, on consent of the Government, Plaintiffs' counsel will seek authorization from the

---

[1] To protect the privacy of individual claimants, the lists of claimants set forth at Tabs A, B, and C of this document are not being filed on the public docket but they are available for the Court's *in camera* review should the Court wish to review them.

[2] The tentative settlement offers proposed in the settlement framework, if accepted, also would resolve the three extant related matters, *Dobey v. United States*, 21-cv-4178, *Lambus v. United States*, 21-cv-5446, and *O'Neal v. United States*, 19-cv-5039, which were consolidated with *Scott v. United States* and administratively closed.

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 3

Court to receive an award of attorneys' fees in connection with their work on behalf of Claimants not to exceed 20%. *See* 28 U.S.C. § 2678. Ex. A at Tabs D and E.

To accept the above settlement amounts, each Claimant must execute and return to the United States a release. *See* Ex. A, Tab D. This release describes the terms of the Proposed Settlement including Plaintiffs' Counsel's intention to seek a Court order authorizing the payment of attorneys' fees in connection with their work on behalf of Claimants.

Plaintiffs' counsel will retain an administrator to assist in locating Claimants and notifying them about the settlement offers and the terms of the proposed release.[3] After the settlement offers and releases are mailed out to Claimants, Claimants will have six months from the date of mailing to respond. Ex. A at E.4.

The Proposed Settlement includes certain minimum acceptance and maximum rejection target thresholds—*i.e.*, absent agreement to the contrary by the parties, the agreement will be null and void unless at least 425 of the 1,014 Claimants in Tabs A and B accept the settlement amount, and no more than 40 of those Claimants reject it. Ex. A at H.1.

Within 21 days after the six-month period for Claimants to respond to the offers communicated under Section E, the Government will file a motion with the Court for decertification of the class, apprising the Court of the parties' good faith efforts made to locate all Claimants and offer them settlement awards, and advising the Court of the number of Claimants who accepted and rejected the offers. Ex. A at I.1.

Should the minimum acceptance and rejection thresholds be satisfied, and the class be decertified, the Proposed Settlement will be finalized and the United States will make the payments set forth therein and Scott and Cerda will dismiss the above captioned action.

For those individuals who are eligible to receive a settlement but either do not respond to the settlement offer or respond and reject it, they will have six months after their administrative claim is formally denied by the United States to file an individual suit in the appropriate U.S. District Court. Ex. A at K.1.

### III. Grounds for a Stay

The parties request a stay so they can implement the terms of the Proposed Settlement, which requires making diligent efforts to contact the Claimants and present them with the settlement offers set forth in the Proposed Settlement. Given the volume of Claimants, the parties anticipate it will require significant work to locate and contact them, and to receive back responses from those who wish to accept the settlement amounts. Moreover, because of the minimum acceptance threshold, locating and communicating with all Claimants is critical to the success of the Proposed Settlement.

---

[3] The Government will pay up to a total of $75,000 in costs associated with locating and contacting Claimants to convey the offers and releases. Ex. A at E.1. Costs above that amount will be paid by Plaintiffs' Counsel. *Id.* at E.2.

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 4

   Accordingly, we respectfully request the Court stay this matter for 8 months while the parties effectuate the terms of the Proposed Settlement.

               Respectfully submitted,

               _____

               Katherine Rosenfeld
               O. Andrew F. Wilson
               Sara L. Estela
               *Emery Celli Brinckerhoff Abady Ward & Maazel LLP*

               Betsy Ginsberg
               *Civil Rights Clinic, Benjamin N. Cardozo School of Law*

               Alexander A. Reinert

Encl.

cc: All Counsel of Record (via ECF)