UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DAVID SCOTT, et al.,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

No. 19 Civ. 1075

(Korman, J.)
(Kuo, M.J.)

## STIPULATION AND ORDER

THIS STIPULATION is entered into between the Plaintiffs David Scott and Jeremy Cerda on the one hand and Defendant United States of America on the other to facilitate the decertification of the class pursuant to the parties' global settlement of the claims at issue.

**Facts and Procedural Background**

1.    WHEREAS, on or about February 22, 2019, Plaintiffs David Scott and Jeremy Cerda ("Plaintiffs") commenced the above-captioned action by filing a complaint in the United States District Court for the Eastern District of New York, asserting claims individually and on behalf of a putative class of individuals detained at the Metropolitan Detention Center in Brooklyn, New York ("MDC") as a result of events prior to and including an electrical fire on January 27, 2019 and subsequent power outage until February 3, 2019 in MDC's West Building;

2.    WHEREAS, on or about November 15, 2019, Plaintiffs amended their complaint, *inter alia*, by adding claims by Plaintiffs individually and on behalf of a putative class of individuals pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671 *et seq.* against the United States of America alleging negligence prior to and during the electrical fire and subsequent power outage;

3.    WHEREAS, on May 25, 2021, the Court granted Plaintiffs' motion for class certification pursuant to Fed. R. Civ. P. 23(b)(3) and certified a class "consisting of all those people who were confined in the MDC's West Building from January 27, 2019 until February 3, 2019, and who have or will in the future have satisfied the exhaustion requirement imposed by 28 U.S.C. § 2675," and appointed Plaintiffs' counsel as class counsel pursuant to Fed. R. Civ. P. 23(g)(1), ECF No. 134;

4.    WHEREAS, the parties have conducted extensive discovery in this action including more than ten depositions, the exchange of tens of thousands of pages of written discovery, and written discovery requests and responses;

**Settlement Negotiations**

5.    WHEREAS, on October 14, 2022, the parties submitted a joint status report requesting a stay of discovery until January 16, 2023, to engage in settlement discussions and on October 17, 2022, the Court granted the stay, ECF No. 199;

6.    WHEREAS, during this time, to assist with settlement, the parties engaged JAMS mediator and retired Magistrate Judge Steven Gold, to whom this case was assigned for almost two years and who had familiarity with this complex litigation, and who conducted three mediation sessions on November 30, 2022, January 12, 2023, and February 15, 2023, ECF Nos. 203 & 204;

7.    WHEREAS, the parties continued to engage in negotiations until final agreement was reached on August 18, 2023, and discovery was stayed throughout this process;

**The Proposed Settlement**

8.    WHEREAS, on August 18, 2023, the parties jointly requested that the Court stay this matter for eight months while the parties effectuated the terms of a Proposed Settlement that

2

involved the offer of negotiated settlement amounts by the United States of America to the approximately 1,600 individuals who were incarcerated in the MDC during the 2019 power outage ("Claimants"), in exchange for releases of their respective claims ("the Proposed Settlement");

9.    WHEREAS, the Proposed Settlement provided that 945 Claimants who submitted valid, timely administrative claims to the Bureau of Prisons ("Tab A Claimants") would be offered $8,750, inclusive of attorneys' fees of 20% and costs, to resolve their claims, and that attorneys' fees and costs for each of Tab A Claimants would not exceed $1,750;

10.    WHEREAS, the Proposed Settlement provided that 69 Claimants who submitted valid, timely administrative claims to the Bureau of Prisons ("Tab B Claimants") and claimed medical conditions that went untreated during the power outage, resulting in injury would be offered $17,500, inclusive of attorneys' fees of 20% and costs, to resolve their claims, and that attorneys' fees and costs for each of Tab B Claimants would not exceed $3,500;

11.    WHEREAS, the Proposed Settlement provided that 554 Claimants who were "Omnibus Claimants" or who otherwise submitted allegedly time-barred claims ("Tab C Claimants") would be offered $2,500, inclusive of attorneys' fees of 20% and costs, to resolve their claims, and that attorneys' fees and costs for each of Tab C Claimants would not exceed $500;

12.    WHEREAS, the Proposed Settlement provided that (1) if fewer than 425 of the Claimants listed at Tabs A and B accept the settlement offers; or (2) more than 40 Claimants listed at Tabs A and B reject the settlement offers, the Proposed Settlement would be null and void, unless Plaintiffs' Counsel and the United States mutually agreed to waive this provision;

13.    WHEREAS, on August 21, 2023, the Court granted the parties' Motion to Stay to allow the parties to effectuate the terms of the Proposed Settlement and directed the Parties to file

a joint status report by April 22, 2024;

**Claimant Notification of the Proposed Settlement**

14.     WHEREAS, Plaintiffs' counsel retained an Administrator to assist in locating Claimants and notifying them about the settlement offers and the terms of the proposed releases;

15.     WHEREAS, on December 15, 2023, the Administrator mailed claims packages to 1,516 individual Claimants, which notified each Claimant of the terms of this settlement, including that payment to each Claimant was contingent upon decertification of the class and that Plaintiff's counsel Emery Celli Brinckerhoff Abady Ward & Maazel LLP would seek to collect attorney's fees in the amount of 20% of each claimant's settlement amount pursuant to 28 U.S.C. § 2678;

16.     WHEREAS, Claimants could accept the offers by executing a Stipulation of Release enclosed within the claims packages which set forth the terms of the Proposed Settlement, including the award amounts, the provision of attorneys' fees, and the class decertification process;

17.     WHEREAS, Claimants were provided with six months from the date of mailing of the settlement offers to respond to the offer;

18.     WHEREAS, on April 22, 2024, the Court extended the Stay in this action to allow the parties to further effectuate the terms of the Proposed Settlement and directed the Parties to file a joint status report by June 21, 2024;

19.     WHEREAS, a diligent and good faith effort was made to present the settlement offers to all Claimants who submitted administrative claims to the United States, as set forth in the Administrator's Declaration attached as Exhibit A to this Stipulation;

20.     WHEREAS, the parties allocated significant resources to locate and contact all Claimants to provide notice of the settlement offers, including Defendant aiding Plaintiffs in

4

locating Claimants, determining locations of Claimants still in BOP custody and last-known addresses for Claimants who have since been released;

**Claimants' Acceptance of the Proposed Settlement**

21.    WHEREAS, as of June 1, 2024, a total of 965 Claimants have executed and submitted to the Administrator Stipulations of Release accepting the Proposed Settlement, consisting of 696 Tab A Claimants, 53 Tab B Claimants, and 214 Tab C Claimants;

22.    WHEREAS, Plaintiffs Cerda and Scott executed and submitted Stipulations of Releases accepting the Proposed Settlement;

23.    WHEREAS, Plaintiffs' counsel has received no written rejections of the Proposed Settlement from Claimants;

24.    WHEREAS, the current response rate of 743 Claimants listed at Tabs A and B exceeds the Acceptance rate negotiated by the parties in the Proposed Settlement, which required at least 425 total Claimants from Tab A and Tab B combined to accept the settlement offers;

25.    WHEREAS, the current rejection rate of 0 amongst Claimants listed at Tabs A and B is below the Rejection rate negotiated by the parties in the Proposed Settlement, which stated that if more than 40 Claimants listed at Tabs A and B reject the settlement offers, the Proposed Settlement would be null and void;

26.    WHEREAS, if the Court approves decertification, those Claimants who submitted valid administrative claims, but who did not respond to the settlement offer, or respond and reject the settlement offer, will, in accordance with the terms of the Proposed Settlement, receive a denial letter from the United States advising them if they are dissatisfied with the agency action, they may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing

5

of the notification;

**The Proposed Settlement is Contingent Upon Decertification**

27.        WHEREAS, the Proposed Settlement provided that should the minimum acceptance and rejection thresholds be satisfied and the class be decertified, the Proposed Settlement would be finalized, the United States would make the payments set out in the Stipulations of Release executed by Claimants, and Plaintiffs Scott and Cerda would dismiss the above-captioned action;

28.        WHEREAS, the Proposed Settlement is contingent upon an Order from the Court decertifying the class in the action;

29.        WHEREAS, the Proposed Settlement provides that absent court-approved decertification, "the entire settlement will be null and void;"

30.        WHEREAS, Plaintiffs have agreed to decertification in order to facilitate resolution of the case in the best interests of Claimants;

31.        WHEREAS, Rule 23(c)(1)(C) provides that an order granting or denying class certification "may be altered or amended before final judgment," Fed. R. Civ. P. 23(c)(1)(C);

32.        WHEREAS, district courts "have broad discretion over class definition" and are "required to reassess their class rulings as the case develops," *Boucher v. Syracuse Univ.*, 164 F.3d 113, 118 (2d Cir. 1999), including the authority to decertify a previously certified class, *see Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation."); *Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134, 139 (2d Cir. 2001) ("[T]he district court is often in the best position to assess the propriety of the class and has the ability…to

6

alter or modify the class, create subclasses, and decertify the class whenever warranted.");

33.     WHEREAS, courts have decertified a class in limited circumstances where, like here, decertification, together with the terms of a settlement agreement, would provide sufficient relief to class members and is in their best interest. *See Susan J. v. Riley*, No. 2:00-CV-918-MEF, 2009 WL 2259524 (M.D. Ala. July 29, 2009) (decertifying a class after considering the text of the settlement agreement and the costs and benefits of decertification, finding that decertification was in the best interest of the class); Joint Statement on Decertification, *Salt River Pima-Maricopa Indian Cmty. v. United States*, No. 08-CV-01005 (D. Ariz. Mar. 6, 2014), ECF No. 176 and Decertification Order, *Salt River Pima-Maricopa Indian Cmty. v. United States*, No. 08-CV-01005 (D. Ariz. Mar. 31, 2014), ECF No. 177 (decertifying class after settlement agreement led to changed circumstances);

34.     WHEREAS, decertification to finalize the Proposed Settlement is in the best interests of all Claimants because it was negotiated in exchange for sufficient relief for their claims, and includes a provision which ensures that Claimants would not be prejudiced in bringing their own timely claims should they choose to reject the settlement;

35.     WHEREAS, the Proposed Settlement constitutes an unanticipated and material change in circumstances that warrants decertification because the Proposed Settlement is in the best interest of all Claimants and makes relief available to all eligible Claimants who could be reached;

36.     WHEREAS, the Parties agree that decertification and the Proposed Settlement will result in a fair and just resolution of this case; and

37.     WHEREAS, the Proposed Settlement provides that Plaintiffs will request court

authorization to pay attorneys' fees out of the settlement proceeds based upon (1) the benefit conferred upon Claimants by counsel in negotiating the settlement, and (2) the Court's broad discretion to award attorneys' fees under quantum meruit principles, subject to the limitations set out at 28 U.S.C. § 2678.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiffs and Defendant in the above-captioned action, by and through their respective undersigned counsel, that:

A. Decertification is in the best interests of Claimants and this class shall be decertified pursuant to Fed. R. Civ. P. 23(c)(1)(C);

B. Plaintiffs' counsel Emery Celli Brinckerhoff Abady Ward & Maazel LLP is authorized to collect attorneys' fees in the amount of 20% of each Claimant's settlement amount pursuant to 28 U.S.C. § 2678; and

C. This action is hereby dismissed with prejudice.

Dated:    New York, New York
          July 3, 2024                    EMERY CELLI BRINCKERHOFF ABADY
                                          WARD & MAAZEL LLP


                              By:    /s/ Katherine Rosenfeld
                                     Katherine Rosenfeld
                                     O. Andrew F. Wilson
                                     Sara L. Estela
                                     600 Fifth Avenue, 10th Floor
                                     New York, New York 10020
                                     (212) 763-5000

                                     CARDOZO CIVIL RIGHTS CLINIC
                                     Betsy Ginsberg
                                     Cardozo Civil Rights Clinic
                                     Benjamin N. Cardozo School of Law
                                     55 Fifth Avenue 11th Floor

8

New York, New York, 10003
(212) 790-0871

Alexander A. Reinhart
55 Fifth Avenue, Room 1005
New York, New York, 10003
(212) 790-0403

*Attorneys for Plaintiff*

Dated:        Brooklyn, New York
              July 3, 2024                    BREON PEACE
                                             UNITED STATES ATTORNEY
                                             EASTERN DISTRICT OF NEW YORK

                             By:    /s/ Philip DePaul
                                    Philip DePaul
                                    Assistant U.S. Attorney
                                    Eastern District of New York
                                    271 Cadman Plaza East
                                    Brooklyn, New York 11201
                                    (718) 254-7036

                                    *Attorneys for the United States of America*

SO ORDERED this

  19   day of    August    2024

/s/ Edward R. Korman, U.S.D.J.
HONORABLE EDWARD KORMAN
United States District Judge